```
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
--------------------------------------------------------------------x
CHINA THREE GORGES PROJECT CORPORATION,              :
                                                     :
                        Petitioner,                  :
                                                     :  Case No. 04-1510
        -against-                                    :
                                                     :
                                                     :
ROTEC INDUSTRIES, INC.,                              :
                                                     :
                        Respondent.                  :
--------------------------------------------------------------------x
```

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO
MODIFY THE FOREIGN ARBITRAL AWARD AND IN FURTHER SUPPORT OF
<u>CONFIRMATION OF A FOREIGN ARBITRAL AWARD</u>**

## INTRODUCTION

This memorandum of law is submitted in opposition to Rotec Industries, Inc.'s ("Respondent") Motion to Dismiss, or in the Alternative, to Modify the Foreign Arbitral Award dated January 14, 2005, and in further support of the petition of China Three Gorges Project Corporation ("Petitioner") to confirm an arbitration award rendered by China International Economic and Trade Arbitration Commission ("CIETAC") in favor of Petitioner.

## ARGUMENT

### I. The CIETAC Arbitration Was Based upon a Valid Arbitration Agreement Between Petitioner and Respondent

The CIETAC arbitration was based upon the valid arbitral terms contained in the Memorandum of 9.3 Accident Compensation Negotiation (the "Memorandum") dated March 15, 2002.[1] The Memorandum was signed by Mr. Steve Ledger, President of Respondent, and by Mr. Zhang Shi Bao, Deputy Director of Petitioner's Department of Equipment & Supplies and who acted as Petitioner's Representative. A certified copy of the Memorandum is annexed hereto as Exhibit 1. The CIETAC arbitral panel notes in its Arbitration Award (the "Award") that "[i]t is set out in Arbitral terms under the Memorandum that '… both parties agree that organization for arbitration shall be China International Economic and Trade Arbitration Commission.'" Award, Section 3.2.1. Indeed, the arbitral panel specifically recognized the arbitral terms in the Memorandum

---

[1] The certified English translation of the CIETAC opinion translates the title of the Memorandum into "Memorandum on Claim Negotiation for the 'September 3' Accident." Petitioner continues to use the term "Memorandum of 9.3 Accident Compensation Negotiation" as that is the term used in the official English version of the Memorandum, which is annexed to the original Petition.

2

as the basis for the arbitration when it defined its own authority in the arbitral proceeding as "based on arbitral terms under the Memorandum entered into by the two parties in dispute." Id. The fact that the Memorandum addresses other matters besides the arbitral terms is simply irrelevant to whether the arbitration is based upon a valid arbitration agreement between Petitioner and Respondent. Indeed, Respondent fully participated in the CIETAC arbitration, recognizing that the arbitral panel derived from the Memorandum its jurisdiction over Petitioner's claims.

Respondent's argument based on Article IV of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202 et seq (the "New York Convention") is therefore without merit.

## II.   The Court Should Not Entertain Respondent's Counterclaims

Nothing in Article V(1)(e) of the New York Convention supports Respondent's novel notion that under that section of the New York Convention confirmation of the Award would be premature. Article V(1)(e) provides that:

> Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

The Award became binding on both Petitioner and Respondent when it was signed by the CIETAC arbitral panel on or about March 29, 2004. The Award was made in China under Chinese law (see Award, Section 3.1), and it has not been set aside or suspended by any competent authority of that country. Respondent's argument based on

Article V(1)(e) is therefore totally without merit.

This Court should not consider any counterclaim Respondent is attempting to raise in the present proceeding to confirm the Arbitration Award. Actions to confirm arbitration awards "are straightforward proceedings in which no other claims are to be adjudicated." Ottley v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987). This is because the "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Petitioner brought this proceeding to have the Arbitration Award confirmed and, as such, the Court's role is "limited to reviewing the parties' challenges to the arbitrators' decision," and the Court should not "become enmeshed" in any "setoff dispute" between the parties. Katz v. Feinberg, 167 F.Supp. 2d 556, 572 (S.D.N.Y. 2001).

It should also be pointed out that Respondent attempted to raise similar counterclaims before the CIETAC arbitral panel and the panel rejected them. The arbitral panel based its rejection primarily on the ground that Respondent's counterclaims "belonged to disputes arising from multi-item supply contracts and were not subject to arbitral terms under Memorandum 3.15, on which investigation and prosecution of this case shall be based."[2] Award, Section 1 (p. 3).

Respondent's counterclaims raised under the color of authority of Article V(1)(e) of the New York Convention are therefore not properly before the Court and should be dismissed.

---

[2] Another reason the arbitral panel cited to for rejecting Respondent's counterclaims is that Respondent filed such counterclaims after the deadline for submitting counterclaim [sic] under the CIETAC Arbitration Rules had already passed. Award, Section 1 (p. 3).

## CONCLUSION

Judgment should be entered in favor of Petitioner and against Respondent in the amount of $2,607,461.27, as is explained in the accompanying Affirmation by Matthew C. Gruskin dated March 10, 2005, plus interest at the rate of .021% per day from May 13, 2004 through the date of entry of judgment.

Dated: March 15, 2005

DEHENG CHEN CHAN, LLC

*/s/ Matthew C. Gruskin*
Matthew C. Gruskin, Esq. (ID # 8749)
Of Counsel
Appearing Pro Hac Vice
Attorneys for Petitioner
225 Broadway, Suite 1910
New York, NY 10007
(212) 608-6500

PRICKETT, JONES & ELLIOTT, P.A.

*/s/ John W. Paradee*
John W. Paradee, Esq. (#2767)
Valerie A. Dunkle, Esq. (#4391)
11 North State Street
Dover, Delaware 19901
(302) 674-3841
Attorneys for the Petitioner.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHINA THREE GORGES PROJECT CORPORATION,<br><br>                Petitioner,<br><br>    v.<br><br>ROTEC INDUSTRIES, INC.,<br><br>                Defendant. | C.A. No.   04-1510 |

### CERTIFICATE OF SERVICE

I, VALERIE A. DUNKLE, hereby certify that on this 16th day of March, 2005, I caused two copies of the foregoing Petitioner's Response in Opposition to Respondent's Memorandum of Law in Support of its Motion to Dismiss, or in the Alternative, to Modify the Foreign Arbitral Award, and in Opposition to Petitioner's Memorandum of Law in Support of Confirmation of a Foreign Arbitral Award to be e-filed via Lexis Nexis and mailed via U.S. Mail, postage prepaid, to the following:

Richard W. Pell, Esquire (ID #178)
Tybout, Redfearn & Pell
300 Delaware Avenue, 11th Floor
P.O. Box 2092
Wilmington, Delaware 19899

PRICKETT, JONES & ELLIOT, P.A.

BY: _____
John W. Paradee (ID #2767)
Valerie A. Dunkle (ID #4391)
11 North State Street
Dover, Delaware 19901
(302) 674-3841
*Attorneys for China Three Gorges Project Corporation*

OF COUNSEL:
DEHENG CHEN CHAN, LLC
Matthew C. Gruskin
225 Broadway, Suite 1910
New York, New York 10007
(212) 608-6500

19390.1\268072v1