IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHINA THREE GORGES PROJECT    :
CORPORATION,                  :
                              :
        Petitioner,            :
                              :
    v.                        : Civil Action No. 04-1510 JJF
                              :
ROTEC INDUSTRIES, INC.,       :
                              :
        Respondent.           :

John W. Paradee, Esquire of PRICKETT, JONES & ELLIOTT, P.A.,
Dover, Delaware.
Of Counsel: Matthew C. Gruskin, Esquire of DEHENG CHEN CHAN, LLC,
New York, New York.
Attorneys for Petitioner China Three Gorges Project Corporation.

Richard W. Pell, Esquire and Valerie A. Dunkle, Esquire of
TYBOUT, REDREARN & PELL, Wilmington, Delaware.
Attorneys for Respondent Rotec Insudtries, Inc.

**MEMORANDUM OPINION**

August 2, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is a Petition To Confirm a Foreign Arbitral Award (D.I. 1) filed by Petitioner China Three Gorges Project Corporation ("China Three Gorges") and a Motion To Dismiss, Or In The Alternative, To Modify The Foreign Arbitral Award (D.I. 6) filed by Respondent Rotec Industries, Inc. ("Rotec"). For the reasons discussed, the petition to confirm the award will be granted and the motion to dismiss or modify the award will be denied.

## BACKGROUND

This lawsuit arises out of a construction accident that occurred in the People's Republic of China on or about September 3, 1999. China Three Gorges, a Chinese corporation, purchased three tower cranes from Rotec, a Delaware corporation, through China Huarun General Company, which entered into a purchase contract with Rotec on or about November 1, 1996. The tower crane involved in the accident was delivered to China Three Gorges on or about May 19, 1999. On August 27, 2000, China Three Gorges observed a technical problem with the crane and undertook repair efforts pursuant to Rotec's instructions. However, during the repairs, two belt conveyers of the tower crane suddenly fell, killing three people and injuring thirty-one others.

Pursuant to the Arbitral terms in the Memorandum of 9.3 Accident Compensation Negotiation ("the Memorandum") entered into

by Three Gorges and Rotec, China Three Gorges applied to CIETAC for arbitration to recover losses resulting from the accident. On or about March 29, 2004, an arbitration panel awarded damages in the amount of RMB ¥32,755,375.89 (U.S. $3,957,397.11 at the exchange rate of RMB ¥8.2770 = U.S. $1.00) to China Three Gorges. After May 12, 2004, interest accrues at the rate of .021% per day.

China Three Gorges has since applied to the Chinese court for partial enforcement of the award in the amount of $1,393,327.35. The Chinese court ordered China Three Gorges to pay an execution fee of RMB ¥71,193 ($8,601.62 at the exchange rate or RMB ¥8.2767 = $1.00 on August 30, 2004), which China Three Gorges seeks to recover. On December 10, 2004, China Three Gorges filed a Petition To Confirm A Foreign Arbitral Award (D.I. 1) in this Court seeking enforcement of the balance of the arbitration award rendered by CIETAC plus the execution fee ordered by the Chinese court.

### PARTIES' CONTENTIONS

By its petition, China Three Gorges requests this Court to order Rotec to pay the balance of the arbitral award and the execution fee, which total $2,572,671.38 plus interest. China Three Gorges brought the petition pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202 et seq. ("the New York Convention").

In response, by way of its motion to dismiss or modify the award, Rotec contends that the foreign arbitral award should be dismissed because China Three Gorges has failed to comply with the requirements of Article IV of the New York Convention. Specifically, Rotec contends that China Three Gorges did not file with the Court the original arbitration agreement or a certified copy thereof.  Rotec further contends that confirmation for the arbitral award would be premature because China Three Gorges currently owes Rotec $2,445,917.67 in outstanding receivables, including interest.  In the alternative, Rotec argues that the amount outstanding and owed by China Three Gorges should offset the amount of the award that Petitioner seeks to recover.

In response to Rotec's motion to dismiss or modify the award, China Three Gorges submitted a certified copy of Memorandum of 9.3 Accident Compensation Negotiation ("the Memorandum"), dated March 15, 2002, and signed by the parties. Further, China Three Gorges contends that the Court should not consider Rotec's counterclaim, as the arbitral award became binding on both Petitioner and Respondent when it was signed by the CIETAC arbitral panel on or about March 29, 2004.

**DISCUSSION**

### I. Legal Standard

Section 201 of Title 9 of the United States Code states that "[t]he Convention on the Recognition and Enforcement of Foreign

Arbitral Awards of June 10, 1958 [hereinafter "the New York Convention"], shall be enforced in United States Courts in accordance with this chapter." Article I of the Convention states that it "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between people, whether physical or legal." The Convention applies to the present arbitral award since it was awarded in China and China Three Gorges seeks to enforce the award in the United States.

Federal law requires that United States courts confirm foreign arbitral awards falling under the Convention except in very limited circumstances. Section 207 of Title 9 of the United States Code states that:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Because China Three Gorges moved for confirmation within three years of receiving its arbitral award, this court is required to confirm the arbitral award unless Rotec can prove a ground for refusal as set out in the Convention.

The 1958 Convention shifted the burden of proof in an enforcement action to the party opposing enforcement and limited

its defenses to the seven set forth in Article V. See <u>Parsons & Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier (RAKTA)</u>, 508 F.2d 969, 973 (2d Cir. 1974). Article V of the Convention states that "[r]ecognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if the party furnishes to the competent authority where the recognition and enforcement is sought, proof that [one of the exceptions to recognition applies]."[1]

---

[1] The exceptions allowable under Article V of the New York Convention are:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that (a) The subject matter of the difference is not capable of settlement by

## II. Decision

The Court concludes that 9 U.S.C. § 207 requires that the arbitral award be confirmed.

There is considerable case law holding that, in an action to confirm an award rendered in, or under the law of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award. <u>China Minmetals Materials Import and Export Co., Ltd. v. Chi Mei Corp.</u>, 334 F.3d 274, 283 (3d Cir. 2003)(citations omitted).

In the circumstances of this case, the Court finds that there was a valid arbitration agreement between the parties and that China Three Gorges attached a certified copy of the agreement with its pleadings.  The Memorandum is signed by Mr. Steve Ledger, President of Rotec, and by Mr. Zhang Shi Bao, Deputy Director of China Three Gorges' Department of Equipment and Supplies.  Further, the CIETAC arbitral panel recognized the arbitral terms from the Memorandum as the basis of its own authority in the arbitration proceeding.  (D.I. 8, Award, Section 3.2.1.)  Thus, the Court concludes that China Three Gorges has not violated the requirements of Article IV of the New York

---

arbitration under the law of that country; or (b) The recognition or enforcement of the award would be contrary to the public policy of that country.   United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 10 June 1958).

Convention.

Next, the Court finds that the existence of outstanding receivables is not a ground for refusal to enforce an award under Article V of the Convention, and Rotec cites no Article V ground for its claim that the award should be reduced. Further, China Three Gorges brought this lawsuit as a petition to confirm an arbitral award; accordingly, the Court's role is limited to reviewing the parties' challenges to the arbitrator's decision. See Katz v. Feinberg, 167 F.Supp.2d 556, 572 (S.D.N.Y. 2001)(citing Ottley v. Schwartzberg, 819 F.2d 373, 376-377 (2d Cir. 1987)). In light of the limited nature of this proceeding, the Court concludes that the setoff issue is not properly before the Court.

Because Rotec has not established that any of the exceptions to confirmation of an arbitral award as required by 9 U.S.C. § 207 and Article V of the Convention apply in this case, the Court will confirm the arbitral award and enter judgment in favor of China Three Gorges and against Rotec in the amount set out in the Arbitral Award, less the amount of the award for which China Three Gorges has already sought partial enforcement in the Chinese courts. The Court will grant China Three Gorges leave to file a separate petition for additional fees and interest. Finally, the Court will deny the Motion To Dismiss, Or In The Alternative, To Modify The Foreign Arbitral Award (D.I. 6) filed by Rotec.

An appropriate Order will be entered.