UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------------x
CHINA THREE GORGES PROJECT CORPORATION, :
:
Petitioner, :
: Case No. 04-1510 JJF
-against- :
:
:
ROTEC INDUSTRIES, INC., :
:
Respondent. :
---------------------------------------------------------------------x

**PETITIONER'S AMENDED[1] MOTION FOR
ATTORNEYS' FEES, POST-ARBITRATION INTEREST
AND AMENDMENT OF JUDGMENT AMOUNT**

Petitioner China Three Gorges Project Corporation ("Petitioner") submits the present motion pursuant to the leave specifically granted by the Court in its Judgment Order dated August 2, 2005. Petitioner respectfully requests that the Court order Respondent Rotec Industries, Inc. ("Respondent") to pay Petitioner (1) the attorneys' fees Petitioner has incurred in confirming the arbitration award it won before China International Economy and Trade Arbitration Commission ("CIETAC") and (2) the interest that has accrued upon the arbitration award. In addition, Petitioner requests that the judgment amount decreed in the Judgment Order dated August 2, 2005 be amended so as to enable Petitioner to fully recover the arbitration award.

---

[1] Petitioner's Motion for Attorneys' Fees, Post-Arbitration Interest and Amendment of Judgment Amount, filed on August 16, 2005, inadvertently omitted an enforcement fee in the amount of $8,577.64 that was incurred by Petitioner in connection with the partial enforcement already obtained in China, as explained in detail in the accompanying Amended Affidavit of Xiaomin Chen. See Exhibit A. The numbers in this motion and the attached form of order have been revised accordingly.

## ATTORNEYS' FEES

1. Petitioner requests that the Court order Respondent to pay Petitioner the attorneys' fees in the amount of $206,175.05, as explained by the accompanying Amended Affidavit of Xiaomin Chen, Esq., sworn to August 18, 2005, annexed hereto as Exhibit A.

2. A court may award attorneys' fees when an enforceable contract between the parties provides for such fees. <u>Fleischmann Distilling Corp. v. Maier Brewing Co.</u>, 386 U.S. 714, 717 (1967). An arbitration agreement that refers to a set of arbitation rules as the applicable rules for the arbitration incorporates such rules as part of the agreement. <u>Von Essen, Inc. v. Marnac, Inc.</u>, 2002 U.S. Dist. LEXIS 34, at **19-20 (N.D.Tex. 2002) (copy annexed hereto as Exhibit B). When the arbitration rules "contemplate binding arbitration that permits a federal court to enter judgment on an arbitration award," the contract or agreement that incorporates such rules is construed to entitle the party that wins the arbitration to reasonable attorneys' incurred by the party during the confirmation process. <u>Id.</u>

3. The arbitration agreement between Petitioner and Respondent provides that "both parties agree that organization for arbitration shall be China International Economic and Trade Arbitration Commission." The Arbitration Award (the "Award"), Section 3.2.1. Pursuant to Article 7 of CIETAC Arbitration Rules (the "CIETAC Rules") that was in effect when the parties entered into the arbitration agreement on or about March 15, 2002, "[i]f the parties agree to submit their dispute to the Arbitration Commission for arbitration, it will be taken that they have agreed to the case being

arbitrated under these Rules."[2]  By indicating CIETAC as the arbitration forum, the arbitration agreement thus incorporates the CIETAC Rules.  Von Essen, Inc., 2002 U.S. Dist. LEXIS 34, at **19-20.

    4. Article 60 of the CIETAC Rules states that a CIETAC award "is final and binding upon both disputing parties."  Article 63 of the CIETAC Rules allows the winning party to "apply to the competent foreign court for enforcement of the arbitral award."  This Court is certainly such a "competent foreign court" referred to in the CIETAC Rules.  The CIETAC Rules, which are incorporated in the parties' arbitration agreement, therefore contemplate binding arbitration that permits this Court to enter judgment on a CIETAC award, which the Court did on August 2, 2005.  The arbitration agreement between the parties should thus be construed as entitling Petitioner to attorneys' fees.  Von Essen, Inc., 2002 U.S. Dist. LEXIS 34, at **19-20.

    5. In addition, Article 59 of the CIETAC Rules gives the arbitrators the power to award the winning party "as compensation a proportion of the expenses reasonably incurred by the winning party in dealing with the case."  In fact, the Award orders Respondent to pay 80% of the attorneys' fees incurred by Petitioner for the arbitration itself.  Award, Section 3.6.2.  It is undisputed that Petitioner would not have paid any of the attorneys' fees for the confirmation of the arbitration award had it not been for Respondent's refusal to comply with the binding and final arbitration award.  Petitioner's attorneys' fees for award confirmation, therefore, should be deemed as part of the attorneys' fees Petitioner has incurred on account of the arbitration.  By

---

[2] CIETAC Arbitration Rules (2000), *available at* http://www.cietac.org.cn/english/rules/rules_3.htm.

incorporating the CIETAC provision on attorneys' fees related to arbitration, the arbitration agreement between the parties should thus be construed as entitling Petitioner to attorneys' fees incurred as a direct result of Respondent's refusal to abide by the arbitration decision. Von Essen, Inc., 2002 U.S. Dist. LEXIS 34, at **19-20.

6. A court may also award attorneys' fees when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F. D. Rich Co., Inc., et al. v. United States for the Use of Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974). In the context of arbitration, a court may award attorneys' fees to the winner of the arbitral award when the losing party refuses to comply with the arbitrator's decision without justification, in bad faith or on a frivolous ground. The New York City Dist. Council of Carpenters Pension Fund, et al. v. Eastern Millenium Constr., Inc., 2003 U.S. Dist. LEXIS 21139, at *8 (S.D.N.Y. 2003) (copy annexed hereto as Exhibit C); Jamaica Commodity Trading Co. Ltd., v. Connell Rice & Sugar Co., Inc., et al., 1991 U.S. Dist. LEXIS 8976, at *16 (S.D.N.Y. 1991) (copy annexed hereto as Exhibit D).

7. Respondent refused to abide by the CIETAC decision in favor of Petitioner without justification. Afer due procedures before a CIETAC panel, in which procedures Respondent fully participated through local counsel, the arbitral panel issued its final decision on or about March 29, 2004. The Award specifically orders Respondent to pay the full amount of the award to Petitioner within 45 days from the date the award was issued. Award, Section IV(7). Respondent did nothing in compliance within the 45-day period and continues to fail to comply with the binding decision by the CIETAC arbitrators some seventeen months after Petitioner won its arbitral award.

8. The several grounds on which Respondent's refusal to comply with the

arbitration award is allegedly based are frivolous. Respondent argues that the CIETAC arbitration was not valid because there was no arbitration agreement. It is clearly not so, as Petitioner has shown in its Memorandum of Law in Opposition to Respondent's Motion to Dismiss or in the Alternative, to Modify the Foreign Arbitral Award and in Further Support of Confirmation of a Foreign Arbitral Award dated March 15, 2005 (the "March 15 Memorandum"). Respondent argues that confirmation of the arbitral award would be premature pursuant to Article V(1)(e) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202 et seq. As Petitioner has shown in the March 15 Memorandum, this claim by Respondent is not even plausible. Respondent also asks the Court to consider its alleged counterclaims against Petitioner and to deny confirmation of or to modify the arbitral award. As Petitioner has shown in the March 15 Memorandum, similar counterclaims were already raised by Respondent in the arbitration and were specifically rejected by the arbitral panel. Bad faith or frivolity may be found in the losing party asserting to a court the same argument that the arbitrators had expressly rejected. Jamaica Commodity Trading Co., 1991 U.S. Dist. LEXIS 8976, at *16.

9.     Respondent's grounds for refusing to comply with the arbitration award are devoid of merit and indicate bad faith or frivolity on the part of Respondent that warrants the Court to award Petitioner attorneys' fees. The award of attorneys' fees to Petitioner is also warranted on the independent basis of contractual agreement between the parties regarding attorneys' fees incurred by the winner party in confirming the arbitration award.

## POST-ARBITRATION INTEREST

10.     Pursuant to the arbitration award, interest at the daily rate of .021% has been

accruing upon the portion of the arbitral award that Respondent has failed to pay. Award, Section IV(7). The date when this interest started to accrue was May 13, 2004, which was the day immediately after the end of the 45-day interest-free period in which Respondent was allowed to pay the arbitral award. As of August 16, 2005 the accrued interest amounted to $252,806.95, and the interest will continue to accrue at $559.74 per day until Respondent pays the outstanding balance of the arbitration award, as explained by the accompanying Amended Affidavit of Xiaomin Chen.[3]  See Exhibit A.

## AMENDMENT OF JUDGMENT AMOUNT

11. Petitioner requests that the $2,564,069.76 Respondent has been ordered to pay to Petitioner in the Judgement Order dated August 2, 2005 be adjusted to $2,665,443.42,[4] as explained in the accompanying Amended Affidavit of Xiaomin Chen. See Exhibit A.

12. Pursuant to District Court Local Rule 7.1.2, this motion shall serve as Petitioner's Opening Brief.

---

[3] See supra note 1.
[4] See supra note 1.

WHEREFORE, Petitioner respectfully requests that the Court award Petitioner attorneys' fees in the amount of $206,175.05, adjust the judgment amount to $2,665,443.42, and order Respondent to pay Petitioner the accrued interest on the outstanding balance of the arbitration award. A proposed form of order is annexed hereto as Exhibit E.

Dated: August 18, 2005

PRICKETT, JONES & ELLIOTT, P.A.

John W. Paradee, Esq. (ID #2767)
D. Benjamin Snyder, Esq. (ID #4038)
Attorneys for Petitioner
11 North State Street
Dover, Delaware 19901
Tel.: (302) 674-3841

and

DEHENG CHEN CHAN, LLC
Matthew C. Gruskin, Esq. (ID # 8749)
Of Counsel
Appearing Pro Hac Vice
Attorneys for Petitioner
225 Broadway, Suite 1910
New York, NY 10007
Tel.: (212) 608-6500

*Attorneys for China Three Gorges Project Corporation*