# EXHIBIT B

LEXSEE 2002 U.S. DIST. LEXIS 34

VON ESSEN, INC., Plaintiff, v. MARNAC, INC., Defendant.

Civil Action No. 3:00-MC-73-L

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

*2002 U.S. Dist. LEXIS 34*

January 2, 2002, Decided
January 2, 2002, Filed; January 3, 2002, Entered

**DISPOSITION:** [*1] Plaintiff's first amended motion to confirm arbitration award and enter judgment was granted in part and denied in part. Defendant's motion to vacate arbitration award denied, and plaintiff's motion to strike affidavit testimony were denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff, payee of royalties moved to confirm an arbitration award for entry of judgment based on the award, and to strike affidavit testimony submitted by the defendant patent holder. The patent holder moved to vacate the award, arguing that the award violated public policy, that deposition testimony initially taken without notice to defendant, and that the arbitrator was asleep through part of the testimony.

**OVERVIEW:** The arbitrated dispute involved the interpretation of the parties rights and duties under a written contract. The payee maintained it was due royalty and other payments based upon the patent holder's receipts for certain of its patents. The payee deposed its ill president to preserve his testimony, but failed to give prior notice to the patent holder. The patent holder later cross-examined the president with a copy of the videotaped deposition, but sought to further depose him when the president was too ill to be deposed. The patent holder then moved to strike the president's entire testimony as improper ex parte testimony. The arbitrator denied the motion, and entered a substantial award in favor of the payee. The patent holder argued the use of the deposition testimony was improper, that the arbitrator slept through part of the hearing, and that the award violated public policy created by federal patent law. The court affirmed the award. By failing to raise the sleeping issue in the hearing, the patent holder waived that argument. The patent misuse doctrine did not apply. The award was entitled to deference. Conformity with evidentiary rules was not required.

**OUTCOME:** The motion to confirm the arbitration award was granted. Attorney's fees and costs beyond those awarded by the arbitrator to the payee was denied. The motion to strike affidavit testimony was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN1] Judicial review of an arbitration award is extraordinarily narrow and a court should defer to the arbitrator's decision when possible.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN2] See *9 U.S.C.S. § 10*(a).

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN3] Parties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations. Thus, whatever indignation a reviewing court may experience in examining the record, it must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so.

*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*
[HN4] Conformity to legal rules of evidence is not necessary in an arbitration hearing. Am. Arb. Ass'n. R. 33.

*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*

[HN5] Am. Arb. Ass'n. R. 34(a) provides that the arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN6] The proposition that an arbitration award can be vacated if it violates public policy appears to arise exclusively in cases where parties seek to vacate arbitration awards that relate to labor disputes and the corresponding interpretation of collective-bargaining agreements. Accordingly, it is not clear whether the public policy exception is intended to apply to arbitration awards that do not arise out of labor disputes.

*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Enforcement*
[HN7] A court may refuse to enforce a collective-bargaining agreement when the specific terms contained in the agreement violate public policy, but that rule does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.

*Patent Law > Inequitable Conduct > Anticompetitive Conduct*
*Patent Law > Ownership > Conveyances > Royalties*
*Patent Law > Remedies > Bad Faith Enforcement*
[HN8] The patent misuse doctrine mandates that any attempted reservation or continuation in the patentee or those claiming under him of the patent monopoly, after the patent expires, whatever the legal device employed, runs counter to the policy and purpose of the patent laws. Accordingly, a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se. This doctrine becomes relevant in scenarios where a patentee licenses others to use his patent, for a royalty fee, and attempts to continue collecting the fee after his patent has expired.

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*
[HN9] Under the American rule of attorney's fees, parties are generally not entitled to attorney's fees unless they contracted for the fees or a statute expressly provides for the fees. This principle applies to a party's attempt to confirm an arbitration award.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN10] Where the parties agree to arbitrate under the American Arbitration Association (AAA) rules, and the rules contemplate binding arbitration that permits a federal court to enter judgment on an arbitration award, such arbitration under the AAA rules contemplates confirmation of the arbitration award by a federal court. 9 U.S.C.S. § 9.

*Civil Procedure > Costs & Attorney Fees > Reasonable Fee Amount*
[HN11] In accordance with Fed. R. Civ. P. 54(d)(2), a prevailing party must submit appropriate documentation that sets forth the number of hours reasonably expended in relation to any motions subsequent to an arbitrator's award evidence establishing a reasonable hourly rate for its attorneys, and a bill of costs. Once a district court reviews such materials, it will issue a separate judgment as permitted under Fed. R. Civ. P. 54(d).

**COUNSEL:** For VON ESSEN INC, plaintiff: James H Baumgartner, Attorney at Law, Vial Hamilton Koch & Knox, Dallas, TX USA.

For MARNAC INC, defendant: Charles R McConachie, Attorney at Law, Simpson Woolley & McConachie, Dallas, TX USA.

**JUDGES:** Sam A. Lindsay, United States District Judge.

**OPINIONBY:** Sam A. Lindsay

**OPINION:**

### ORDER

Before the court is Plaintiff Von Essen, Inc.'s First Amended Motion to Confirm Arbitration Award and Enter Judgment ("Motion to Confirm"), filed October 18, 2000; Defendant Marnac, Inc.'s Motion to Vacate Arbitration Award ("Motion to Vacate"), filed October 2, 2000; and Von Essen, Inc.'s Motion to Strike Affidavit Testimony, filed October 23, 2000. After careful consideration of the motions, responses, briefs, evidence submitted by the parties, and applicable law, the court **grants in part** and **denies in part** Von Essen, Inc.'s Motion to Confirm, **denies** Marnac, Inc.'s Motion to Vacate, [*2] and **denies** Von Essen, Inc.'s Motion to Strike Affidavit Testimony.

### I. Facts and Procedural Background

Von Essen, Inc. ("Essen Inc.") and Marnac, Inc. ("Marnac") arbitrated a contract dispute in July and August 2000. The arbitration was conducted in Dallas, Texas under the American Arbitration Association (AAA) rules. The arbitrated dispute involved the interpretation of the parties rights and duties under a written contract.

Essen Inc. prepared for the arbitration by taking the sworn videotaped testimony of Clyde Von Essen ("Essen"). Essen was the president of Essen Inc., and lived in

Case 1:04-cv-01510-JJF    Document 12-3    Filed 08/18/2005    Page 4 of 9

Page 3
2002 U.S. Dist. LEXIS 34, *

Sacramento, California. Essen was primarily confined to his Sacramento home because he was diagnosed with terminal cancer. Essen Inc. took his testimony to preserve it in the event Essen could not testify at the arbitration proceeding in Dallas. Essen gave approximately sixteen hours of testimony.

Essen Inc. initially did not inform Marnac that it was taking Essen's testimony. It disclosed this information after Marnac's attorney indicated that "Should [Essen Inc.] decide to take some sort of statement to preserve . . . Essen's testimony, [Marnac's attorney] will, of course, want to [*3] attend and conduct . . . trial cross examination." Brief in Support of Motion to Vacate at 5 (internal quotations omitted). Marnac's attorney made this request on March 27, 2000, and on March 28, 2000, Essen Inc. informed him that it had already videotaped Essen's testimony.

The arbitration preliminary hearing was also conducted on March 28, 2000. The arbitrator was told about the videotaped testimony. He therefore instructed Essen Inc. to give Marnac's attorney a copy of the testimony. Essen Inc. complied and: 1) on March 31, 2000, provided a transcript of the entire testimony; 2) on June 13, 2000, provided the prospective script that Essen Inc. intended to use to present Essen's testimony during the arbitration; and 3) on June 23, 2000, provided the actual excerpted videotaped testimony that Essen Inc. planned to present to the arbitrator. Marnac's attorney deposed Essen in April 2000, and was able to review the transcript of Essen's testimony before he conducted the deposition. n1 The attorney took Essen's deposition over two days, and amassed approximately five hours of testimony. He thereafter deposed additional Essen Inc. officers.

---

n1 Marnac's attorney was also able to review the scripted testimony and excerpted videotape before the arbitration was conducted.

---

[*4]

The attorney wanted to, but could not conduct a follow up deposition of Essen, because the attorney was scheduled to begin an unrelated antitrust trial. The trial was scheduled to last two months, but it ultimately settled on the morning of the trial. Accordingly, in June 2000, the attorney requested to further depose Essen. By that time, Essen was too ill and could not be deposed. Marnac therefore moved the arbitrator to exclude Essen's testimony on the ground that it was improper *ex parte* testimony. The arbitrator denied the motion, and the arbitration proceeded.

Marnac contends that during a portion of the arbitration, the arbitrator fell asleep. Marnac further contends that the evidence adduced during this portion of the proceeding was material to its case. The record does not reflect that during the arbitration Marnac objected that the arbitrator was asleep.

Finally, Marnac filed a brief during the arbitration, which asserted that an arbitration award in favor of Essen Inc. would violate public policy created by federal patent law. The arbitrator rejected Marnac's argument, and, on or about August 23, 2000, entered an award in favor of Essen Inc.

Essen Inc. moves to confirm [*5] the award. Marnac, however, moves to vacate on the grounds that: 1) the arbitrator improperly admitted Essen's videotaped testimony, 2) the arbitrator committed misconduct when he allegedly fell asleep, and 3) the award violates public policy created by federal patent law. The following analysis resolves both motions.

## II. Standard of Review

"[HN1] Judicial review of an arbitration award is extraordinarily narrow and [a court] should defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). [HN2] A district court may vacate an arbitration award under the following circumstances:

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that [*6] a mutual, final, and definite award upon the subject matter submitted was not made.
> (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10 (a). These considerations are designed to guide the court's inquiry into "whether the arbitration proceeding[] [was] fundamentally unfair." *Forsythe Int'l, S.A., v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 (5th Cir. 1990).

### III. Application

#### A. Essen's Videotaped Testimony

Marnac moves to vacate the award because the arbitrator admitted Essen's videotaped testimony although Marnac's attorney was not present when the testimony was given. Motion to Vacate at 5. This request ignores that "as a speedy and informal alternative to litigation, arbitration resolves disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials." *Forsythe*, 915 F.2d at 1022. Accordingly, "[HN3] parties to voluntary arbitration may not superimpose rigorous procedural limitations on the very process designed [*7] to avoid such limitations." 915 F.2d at 1022. "Thus, whatever indignation a reviewing court may experience in examining the record, it must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so." *Id.*

The admission of Essen's testimony does not invoke a statutory basis to vacate Essen Inc.'s arbitration award. The rules that governed the arbitration provide that "[HN4] conformity to legal rules of evidence shall not be necessary." AAA rule 33. n2 [HN5] The rules further provide that "the arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission." AAA rule 34(a). Marnac does not deny that the foregoing rules governed the arbitration. It nevertheless argues that the admission of Essen's testimony, in accordance with these rules, was fundamentally unfair and evinced misconduct by the arbitrator. The court disagrees.

n2 A copy of the AAA rules may be found at Tab F to Plaintiff's Appendix, filed October 23, 2000.

[*8]

Marnac voluntarily agreed to arbitrate under the AAA rules. It therefore voluntarily forfeited the procedural protections that exist under federal evidentiary and procedural rules. As a result, Essen Inc. prepared for the arbitration by taking Essen's testimony in a manner that did not offend the AAA rules, although possibly offensive to federal rules. Further, the arbitrator considered Marnac's objection to the testimony, but nevertheless admitted it as he was permitted to do by the AAA rules.

It is therefore unreasonable for Marnac to contend that the arbitration was fundamentally unfair, given that Marnac consented to the AAA rules and the arbitration was conducted in accordance with the rules. Marnac's argument assumes that the court will ignore these facts when it evaluates whether the arbitration was fundamentally unfair. If the court did so, it would frustrate the liberal standards that governed the arbitration, and violate the strict limitations that 9 U.S.C. § 10(a) places on the court's ability to vacate the arbitration award. The court would also have to find that the AAA rules caused a fundamentally unfair arbitration, even though they were applied [*9] as written and agreed to by the parties. This asks the court to go too far, because this did not occur under the present facts. Marnac bargained for arbitration under the AAA rules, and that is exactly what it received. The court does not find fundamental unfairness in that. As such, there is no statutory basis to vacate the award, and Marnac has not demonstrated that the arbitration was fundamentally unfair. n3

n3 The court alternatively finds that the arbitration was not fundamentally unfair or subject to vacatur because Marnac's attorney was given the videotape transcript before he deposed Essen. Additionally, in advance of the arbitration, he was told how Essen Inc. planned to present Essen's testimony. Accordingly, any unfairness that arguably arose from the *ex parte* testimony was mitigated. In fact, Marnac could have addressed the significant portions of Essen's testimony when its attorney deposed him over the five hour period in April 2000.

Further, AAA rule 34(a) *mandated* that the arbitrator adjust the weight given to Essen's testimony in light of the fact that Marnac objected that the testimony was improper. Marnac offers no indication that the arbitrator failed to so adjust the weight of the testimony. In light of these findings, the court does not have grounds to conclude that the arbitration was fundamentally unfair or to vacate the award pursuant to 9 U.S.C. § 10(a).

[*10]

#### B. The Sleeping Arbitrator

Marnac moves the court to vacate the arbitration award because the arbitrator allegedly slept through a portion of the arbitration. Motion to Vacate at 5. Marnac contends that this alleged behavior constituted misconduct under 9 U.S.C. § 10(a)(3). *Id.* at 6. The court does

Case 1:04-cv-01510-JJF    Document 12-3    Filed 08/18/2005    Page 6 of 9

Page 5
2002 U.S. Dist. LEXIS 34, *

not resolve whether this claim has merit. Instead, the court finds that Marnac waived this argument because, during the arbitration, it did not object that the arbitrator was asleep. *See generally Weinberg v. Silber*, 140 F. Supp. 2d 712, 718, 721 (N.D. Tex. 2001); *Gateway Techs., Inc. v. MCI Telecomms. Corp.*, 64 F.3d 993, 997-98 (5th Cir. 1995) (holding that a party to arbitration "cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court.").

Marnac attempts to excuse its waiver by asserting that its attorney was not aware that the arbitrator was sleeping. Defendant's Surreply at 19. n4 Marnac therefore contends that it could not have knowingly waived its right to presently raise this issue. *Id.* For two reasons, this does not alter the court's [*11] conclusion that Marnac waived this issue. First, Robert H. Lexvold ("Lexvold") is the Executive Vice President of Marnac, and he testified on behalf of Marnac at the arbitration. He contends, by affidavit, that he observed the arbitrator sleeping. *See* Motion to Vacate, Tab 3 at 2-3. Lexvold, as Marnac's Executive Vice President, sufficiently represented the interests of Marnac that if he did not object that the arbitrator was asleep, or if he did not have Marnac's attorney object, he waived this issue on behalf of Marnac. If the court held otherwise, it would be rewarding Marnac's decision to wait until it lost the arbitration to raise an issue that could have been addressed during the arbitration.

---

n4 This document was filed November 15, 2000, and is titled "Defendant's Reply Brief to 'Brief in Support of Plaintiff's Reply to Defendant's Response to Motion to Confirm Arbitration Award and Enter Judgment and In Support of Plaintiff's Response to Defendant's Motion to Vacate Arbitration Award.'"

---

Second, Marnac's [*12] assertion that its attorney was not aware that the arbitrator was sleeping is not credible, or indicative of the fact that the arbitrator was in fact not sleeping. The court does not accept that Lexvold noticed that the arbitrator was asleep, but never relayed this information to Marnac's attorney. Reason leads the court to believe that Lexvold would have been vigilant about ensuring that Marnac's interests were protected during the hearing, because as Marnac's Executive Vice President, he had the unique ability to act as the eyes and ears of Marnac. It is therefore difficult to believe that Lexvold noticed the arbitrator sleeping during testimony that benefitted Marnac, but said nothing about this to the arbitrator or to Marnac's attorney. The more plausible scenarios would have been that 1) if the arbitrator was asleep, Lexvold would have objected or at least relayed this information to Marnac's attorney, or 2) that the arbitrator did not fall asleep, so Lexvold had nothing to relay. Under the first scenario, Marnac's attorney cannot contend that the waiver was not knowingly made, and under the second scenario, Marnac has no basis to contend that the arbitrator acted improperly. [*13] In either regard, there is no credible evidence to undermine the court's conclusion that Marnac waived the right to presently assert that the arbitrator was asleep.

C. Public Policy Argument

Marnac cites *Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850 (5th Cir. 1996), for the proposition that the court should vacate Essen Inc.'s arbitration award because it violates public policy. Brief in Support of Motion to Vacate at 13. Marnac is attempting to invoke the patent misuse doctrine to illustrate that the award violates public policy created by federal patent law. n5

---

n5 [HN6] The proposition that an arbitration award can be vacated if it violates public policy appears to arise exclusively in cases where parties seek to vacate arbitration awards that relate to labor disputes and the corresponding interpretation of collective-bargaining agreements. *See W.R. Grace and Co. v. Local Union 759*, 461 U.S. 757, 766, 76 L. Ed. 2d 298, 103 S. Ct. 2177 (1983); *United Paperworkers Int'l v. Misco, Inc.*, 484 U.S. 29, 43, 98 L. Ed. 2d 286, 108 S. Ct. 364 (1987); *Manville Forest Products Corp. v. United Paperworkers Int'l Union*, 831 F.2d 72, 73-74 (5th Cir. 1987); *Gulf Coast Indus. Workers v. Exxon Co.*, 991 F.2d 244, 248-50 (5th Cir. 1993); *Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850, 853 (5th Cir. 1996); *United Food and Commercial Workers Union AFL-CIO v. Pilgrim's Pride Corp.*, 193 F.3d 328, 332-33 (5th Cir. 1999); *Weber Aircraft Inc., v. General Warehousemen and Helpers Union Local 767*, 253 F.3d 821, 825-26 (5th Cir. 2001). Accordingly, it is not clear whether the public policy exception is intended to apply to arbitration awards that do not arise out of labor disputes.

---

In *United Paperworkers Int'l v. Misco, Inc.*, the Supreme Court held that "two points follow from our decision in [*W.R. Grace and Co. v. Local Union 759*]. First, [HN7] a court may refuse to enforce a collective-bargaining agreement when the specific terms contained in the agreement violate public policy. Second, it is apparent that our decision in that case *does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.*" 484

Case 1:04-cv-01510-JJF    Document 12-3    Filed 08/18/2005    Page 7 of 9

Page 6
2002 U.S. Dist. LEXIS 34, *

*U.S. at 43* (emphasis added). The italicized language arguably means that the Supreme Court intended to limit the public policy exception to the interpretation of collective-bargaining agreements within labor disputes. Thus, the exception may not apply to Essen Inc.'s award, because it does not arise from a labor dispute.

The court does not resolve this issue because Marnac's invocation of the exception is without merit. Accordingly, even if it applied, it would not invalidate Essen Inc.'s award. The court therefore disposes of Marnac's argument on the merits, but by doing so, it does not necessarily imply that the public policy exception applies in a non-labor context.

[*14]

Relevant to this case, [HN8] the patent misuse doctrine mandates that "any attempted reservation or continuation *in the patentee* or those claiming under him of the patent monopoly, after the patent expires, whatever the legal device employed, runs counter to the policy and purpose of the patent laws." *Brulotte v. THYS Co., 379 U.S. 29, 31, 13 L. Ed. 2d 99, 85 S. Ct. 176 (1964)*(citing *Scott Paper Co. v. Marcalus Mfg., 326 U.S. 249, 256, 90 L. Ed. 47, 66 S. Ct. 101 (1945))* (internal quotations omitted) (emphasis added). Accordingly, "a *patentee's* use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." *379 U.S. at 32* (emphasis added). This doctrine becomes relevant in scenarios where a patentee licenses others to use his patent, for a royalty fee, and attempts to continue collecting the fee after his patent has expired. *See Id. at 29-33; Meehan v. PPG Indus., 802 F.2d 881, 882-83 (7th Cir. 1986)*. The following language in the arbitration award gives rise to Marnac's contention that the award violates the patent misuse doctrine:

> [Essen Inc.] is entitled [*15] to receive net five percent (5%) of all revenue, royalties, compensation, fees, judgments, or settlements (excluding punitive damages) for infringement and income resulting from development, licensing, sale, ownership, or transfer of prescription pharmaceutical compounds/products owned by Marnac [] or assigned to Marnac[] from other related persons or entities. Ownership by Marnac [] of such prescription pharmaceutical compounds/products shall mean all pharmaceutical compounds/products whose use has been *patented by Marnac* [] or other related persons or entities from whom Marnac [] may receive assignments.

Arbitration Award at 1 (emphasis added). The doctrine does not apply here because this language has nothing to do with an attempt by Essen Inc. to collect a royalty fee on a patent that it owns, after the patent expires. Essen Inc. owns no patent relevant to this dispute. It is merely attempting to collect a percentage of the payments, including royalty payments, that Marnac receives on patents *that Marnac owns*. Marnac's public policy argument is therefore without merit, and it has failed to assert any valid challenge to Essen Inc.'s Motion to Confirm. The [*16] Motion to Confirm is therefore granted insofar as the merits are concerned. n6

> n6 For reasons later discussed, the motion is denied in part and granted in part with respect to Essen Inc.'s request for attorney's fees.

### D. Miscellaneous Matters

#### 1. Motion to Vacate

As the court has determined that Essen Inc.'s Motion to Confirm should be granted, it must deny Marnac's Motion to Vacate, because it is based on facts that overlap the Motion to Confirm. If the court were to grant Marnac's Motion to Vacate, it would be inconsistent with the court's prior ruling. Accordingly, Marnac's Motion to Vacate is hereby denied.

#### 2. Essen Inc.'s Motion to Strike Affidavit Testimony

Marnac submitted the affidavits of Lexvold and Charles R. McConachie ("McConachie") with its Motion to Vacate. Lexvold's affidavit sets forth his contention that the arbitrator was asleep. Essen Inc. moves to strike this affidavit because it is allegedly based on improper conclusions and speculation. This issue does not affect the court's [*17] ruling because in considering this affidavit, it nevertheless reaches the decision that the arbitration award should be confirmed. Moreover, Marnac has waived the right to assert that the arbitrator was asleep. Portions of McConachie's affidavit refer to Essen's videotaped testimony as being a deposition. Essen Inc. objects to these references. Again, this has no bearing on the court's decision to confirm the award. Accordingly, the Motion to Strike Affidavit Testimony is denied.

#### 3. Essen Inc.'s Request for Attorney's Fees and Costs

Essen Inc. argues that it is entitled to attorney's fees and costs in part because the underlying contract between it and Marnac provides for such. Brief in Support of Plaintiff's Reply to Defendant's Response to Motion to

Case 1:04-cv-01510-JJF    Document 12-3    Filed 08/18/2005    Page 8 of 9

Page 7
2002 U.S. Dist. LEXIS 34, *

Confirm at 17. n7 The contract contains an arbitration clause which provides that the "prevailing party shall be entitled to reimbursement for all costs, including reasonable [attorney's] fees." Motion to Confirm, Exhibit "B" at 4. Essen Inc. contends that this provision entitles it to attorney's fees and costs that: 1) were excluded from the arbitration award, although they accrued during the arbitration, because they had not [*18] yet been incurred or were not yet billed when Essen Inc. proved up its expenses to the arbitrator; 2) accrued when it responded to Marnac's post-arbitration briefing; and 3) accrued in relation to the Motion to Confirm and Motion to Vacate. Brief in Support of Plaintiff's Reply to Defendant's Response to Motion to Confirm at 18.

---

n7 Essen Inc. alternatively argues that it is entitled to attorney's fees under *Tex. Civ. Prac. & Rem. Code § 38.001 et seq.* (Vernon 1997), and because Marnac's opposition to the award was allegedly without justification. Brief in Support of Plaintiff's Reply to Defendant's Response to Motion to Confirm at 17. Texas courts do not recognize section 38.001 *et seq.* as a basis for attorney's fees under the present facts, *see Kline v. O'Quinn, 874 S.W.2d 776, 785* (Tex. App. - Houston [14th Dist.] 1994, no writ.), and although the court has denied Marnac's Motion to Vacate, it does not conclude that there was absolutely no justification for the motion. The parties' contract therefore serves as the basis for attorney's fees.

---

[*19] [HN9]

Under the American rule of attorney's fees, parties are generally not entitled to attorney's fees unless they contracted for the fees or a statute expressly provides for the fees. *See Galveston County Navigation Dist. No. 1 v. Hopson Towing Co., 92 F.3d 353, 356 (5th Cir. 1996).* This principle applies to a party's attempt to confirm an arbitration award. *See generally Bell Prod. Eng'rs Assoc. v. Bell Helicopter Textron, 688 F.2d 997, 999 (5th Cir. 1982).*

Essen Inc. and Marnac's contract provides for attorney's fees and costs related to confirmation of the arbitration award. This is so because [HN10] the parties agreed to arbitrate under the AAA rules, and the rules contemplate binding arbitration that permits a federal court to enter judgment on an arbitration award. *See Mckee v. Home Buyers Warranty Corp., 45 F.3d 981, 983 (5th Cir. 1995); 9 U.S.C. § 9.* Accordingly, arbitration under the AAA rules contemplates confirmation of the arbitration award by a federal court. Since the arbitration clause in the parties' contract incorporates these rules, the court construes the contract to entitle Essen Inc. to reasonable attorney's [*20] fees and costs that accrued during the confirmation process.

Accordingly, the court confirms the $ 126,230 in attorney's fees and the $ 23,409.44 in costs that the arbitrator awarded to Essen Inc. Additionally, the court determines that Essen Inc. is entitled to reasonable attorney's fees and costs incurred in filing the Motion to Confirm and in responding to the Motion to Vacate. Although the court determines that Essen Inc. is entitled to reasonable attorney's fees and costs in filing the Motion to Confirm and in responding to the Motion to Vacate, Essen Inc. did not submit sufficient evidence to enable the court to determine the amount of reasonable attorney's fees and costs that it incurred. Accordingly, [HN11] in accordance with *Fed. R. Civ. P. 54(d)(2)*, Essen Inc. must submit appropriate documentation that sets forth the number of hours reasonably expended in relation to the Motion to Confirm and Motion to Vacate, evidence establishing a reasonable hourly rate for its attorneys, and a bill of costs. Once the court has reviewed these materials, it will issue a separate judgment as permitted under *Fed. R. Civ. P. 54(d)*.

Essen Inc. requests $ 27,662.50 in attorney's fees and approximately [*21] $ 4,000 in costs that it incurred during the arbitration, but which were not included in the arbitrator's award. The court denies Essen Inc.'s request for these fees and expenses. These fees and expenses were not awarded by the arbitrator, and the court has no authority, contractual or statutory, to *confirm* what was not awarded. In other words, the court cannot confirm what was not included in the arbitrator's award. There is simply nothing to confirm with respect to these fees and expenses. Additionally, the fees and expenses arose in direct relation to the arbitration and before this court assumed control over the case. Accordingly, Essen Inc. should have presented them to the arbitrator. Essen Inc. therefore has waived its right, if any, to the fees and expenses.

Essen Inc. finally requests that the court grant judgment in a sum certain for attorney's fees based on future legal services. Specifically, Essen Inc. seeks reasonable attorney's fees for services not yet rendered in the amount of $ 25,000 through the Fifth Circuit Court of Appeals, and $ 20,000 in the event of an Application for Writ of Certiorari to the Supreme Court of the United States. *See* Motion to Confirm [*22] at 4-5; Plaintiff's Appendix, Tab H at 5. The court, however, has no way of assessing whether these prospective attorney's fees are reasonable, as the events upon which the fees will be based have not occurred. Moreover, if this case is appealed, the court has jurisdiction to address the issue of attorney's fees if Plaintiff is a prevailing party on appeal.

Accordingly, the court denies fees for services that have not yet been rendered.

### III. Conclusion

For the reasons stated herein, Plaintiff Von Essen, Inc.'s First Amended Motion to Confirm Arbitration Award and Enter Judgment is hereby **granted in part** and **denied in part** as stated herein. Defendant Marnac, Inc.'s Motion to Vacate Arbitration Award is hereby **denied**, and Von Essen, Inc.'s Motion to Strike Affidavit Testimony is hereby **denied**. The arbitration award, entered on or about August 23, 2000, and attached as Exhibit "A" to Von Essen, Inc.'s Amended Motion to Confirm Arbitration Award and Enter Judgment, filed October 18, 2000, is hereby **confirmed**. Judgment will issue by separate document, as required by *Fed. R. Civ. P. 58*.

**It is so ordered** this 2nd day of January, 2002.

Sam [*23] A. Lindsay

United States District Judge

### JUDGMENT

This judgment is issued pursuant to the court's order of January 2, 2002. It is hereby ORDERED, ADJUDGED, and DECREED that:

A. The arbitration award, entered on or about August 23, 2000, and attached as Exhibit "A" to Von Essen, Inc.'s Amended Motion to Confirm Arbitration Award and Enter Judgment, filed October 18, 2000, is hereby confirmed and incorporated into this judgment as if repeated herein verbatim;

B. Von Essen, Inc. shall recover prejudgment interest at the applicable legal rate provided by law;

C. Postjudgment interest at the rate of 2.28% per annum shall apply to the total amount of this judgment, from the date of this judgment until paid;

D. Von Essen, Inc. shall recover from Marnac, Inc., $ 126,230 in attorney's fees and $ 23,409.44 in costs that were awarded by the arbitrator;

E. The administrative fees and expenses of the American Arbitration Association and the compensation and expenses of the arbitrator totaling $ 24,342.98 shall be borne by Marnac, Inc. Therefore, Marnac, Inc. shall pay to Von Essen, Inc. the sum of $ 12,232.02, representing Von Essen, Inc.'s share of deposits [*24] previously advanced to the American Arbitration Association.

F. Von Essen, Inc. is entitled to enforce its rights as provided by the parties' contract and the arbitrator's award entered on or about August 23, 2000; and

G. All relief not expressly granted herein is denied.

Signed this 2nd day of January, 2002.

Sam A. Lindsay

United States District Judge