# EXHIBIT C

LEXSEE 2003 U.S. DIST. LEXIS 21139

**THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et al., Plaintiffs, -against- EASTERN MILLENIUM CONSTRUCTION, INC., Defendant.**

**03 CIV. 5122 (DAB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2003 U.S. Dist. LEXIS 21139; 174 L.R.R.M. 2534*

**November 20, 2003, Decided**
**November 21, 2003, Filed**

**DISPOSITION:** [*1] Arbitration award confirmed. Requests for attorney fees and prejudgment interest granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs pension funds sought to confirm an arbitration award issued pursuant to § 301 *(29 U.S.C.S. § 185)* of the Labor Management Relations Act (LMRA), and § 9 *(9 U.S.C.S. § 9)* of the Federal Arbitration Act, as well as an award of prejudgment interest, and attorneys' fees and costs incurred in bringing the confirmation proceeding.

**OVERVIEW:** The district court found nothing improper about the arbitration award granted to the plaintiffs and that defendants had made no showing as to any of the statutory grounds for vacation, correction or modification *9 U.S.C.S. §§ 10, 11*. The district court added that the arbitrator clearly acted within the authority given to him by the parties' collective bargaining agreement (CBA) and accordingly, confirmed the arbitration award. The district court also found that the history of the dispute warranted the award of attorney's fees because the defendant agreed to submit all disputes regarding its payment obligations to plaintiffs to binding arbitration under the CBA and had chosen not to participate in the arbitration proceedings or even to oppose plaintiffs' application for confirmation of the arbitration award. Finally, in light of the presumption in favor of prejudgment interest and the fact that the CBA had a binding arbitration clause, the court found that prejudgment interest was appropriate.

**OUTCOME:** Plaintiffs' requests for attorneys' fees and prejudgment interest was granted and plaintiffs' arbitration award was confirmed.

**LexisNexis(R) Headnotes**

*Labor & Employment Law > Collective Bargaining & Labor Relations > Judicial Review*
*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Limits*
[HN1] Confirmation of a labor arbitration award under § 301 *(29 U.S.C.S. § 185)* of the Labor Management Relations Act, and § 9 *(9 U.S.C.S. § 9)* of the Federal Arbitration Act, is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. Federal courts are extremely deferential in their review of awards issued by arbitrators acting within authority granted by a collective bargaining agreement.

*Labor & Employment Law > Collective Bargaining & Labor Relations > Judicial Review*
*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Awards*
*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
[HN2] None of the statutory grounds for vacation, modification or correction included in the Federal Arbitration Act relate to the underlying merits of an arbitration award. *9 U.S.C.S. §§ 10, 11*.

*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
[HN3] Pursuant to the Federal Arbitration Act, at *9 U.S.C.S. § 12*, a notice of a motion to vacate, correct or

Case 1:04-cv-01510-JJF    Document 12-4    Filed 08/18/2005    Page 3 of 5

Page 2
2003 U.S. Dist. LEXIS 21139, *; 174 L.R.R.M. 2534

modify an arbitration award must be served on the opposing party within three months after the award is filed or delivered.

*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
*Civil Procedure > Costs & Attorney Fees > Attorney Fees*
*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Limits*
[HN4] Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither § 301 *(29 U.S.C.S. § 185)* of the Labor Management Relations Act, nor the Federal Arbitration Act provide for attorney's fees in actions to confirm an arbitration award. However, because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of arbitration award refuses to abide by an arbitrator's decision without justification.

*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Awards*
*Labor & Employment Law > Collective Bargaining & Labor Relations > Arbitration > Limits*
[HN5] While the awarding of prejudgment interest in confirmation of arbitration award actions in the discretion of the trial court, there is a presumption in favor of prejudgment interest. Moreover, courts in the United States Court of Appeals for the Second Circuit have awarded pre-judgment interest in cases involving an Labor Management Relations Act arbitration conducted pursuant to a collective bargaining agreement that indicated an arbitration award is final and binding.

**COUNSEL:** For New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, New York City District Council of Carpenters Charity Fund, The New York City and Vicinity Carpenters Labor-Management Cooperation Fund, Michael J Forde, Joseph Olivieri, PLAINTIFFS: Gary Silverman, O'Dwyer & Bernstien, LLP, New York, NY USA.

**JUDGES:** DEBORAH A. BATTS, United States District Judge.

**OPINIONBY:** DEBORAH A. BATTS

**OPINION:**
MEMORANDUM AND ORDER

DEBORAH A. BATTS, United States District Judge.

Plaintiffs, the New York City District Council of Carpenters Pension, Welfare, Vacation, Annuity, and Charity Funds, the New York City District Council of Carpenters Apprenticeship, [*2] the Journeyman Retraining, Educational and Industry Fund, the United Brotherhood of Carpenters and Joiners of America, and the New York City and Vicinity Joint Labor Management Cooperation Trust Fund, petition the Court pursuant to *Section 301* of the Labor Management Relations Act ("LMRA"), *29 U.S.C. § 185*, and *Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9*, to confirm an arbitration award issued May 12, 2003. n1 Plaintiffs also seek an award of pre-judgment interest on the award at a rate of 10% per year, as well as attorneys' fees and costs incurred in bringing this confirmation proceeding. To date, the Defendant has neither responded to Plaintiffs' confirmation action nor otherwise sought relief from the arbitration award. For the reasons stated below, the arbitration award is CONFIRMED, and Plaintiffs' requests for attorneys' fees and prejudgment interest are GRANTED.

---

n1 Although Plaintiffs commenced this action by filing a Summons and Complaint, the Court treats Plaintiff's Complaint as an application for confirmation of arbitration award because that is the primary relief requested in the Complaint. Additionally, the Court will not consider Plaintiff's claims for relief under *Sections 502 and 515* of the Employee Retirement Income Security Act, *29 U.S.C. §§ 1132 and 1145*, because "an action to confirm an arbitration award is not an appropriate vehicle for adjudicating" such claims. *Ottley v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987)*.

---

[*3]

I. BACKGROUND

The following facts are not disputed by the parties:

On July 1, 1999, Defendant entered into a Collective Bargaining Agreement (the "Agreement") with the District Council of New York City and Vicinity Of the United Brotherhood of Carpenters and Joiners of American (the "Union"). Complaint, filed July 10, 2003 ("Compl."), P 8. Under the terms of the Agreement, Defendant was required to make periodic monetary contributions to the Plaintiffs, who are jointly administered, multi-employer benefit funds administered by various trustees for the benefit of the Union's members. Id.

Case 1:04-cv-01510-JJF    Document 12-4    Filed 08/18/2005    Page 4 of 5

Page 3

2003 U.S. Dist. LEXIS 21139, *; 174 L.R.R.M. 2534

A dispute arose during the period of the Agreement when the Defendant failed to make several required benefit fund payments. Id. P 9. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to binding arbitration in front of Roger R. Maher, the duly designated impartial arbitrator. Id. P 10. On March 28, 2003, an arbitration hearing was held at which Defendants failed to appear. See Modified Opinion and Default Award of Arbitrator, dated May 12, 2003, ("Arb. Op.") at 2. On May 12, 2003, Mr. Maher issued an opinion finding Defendant had failed to make payments due [*4] under the Agreement for the period January 1 through December 31, 2001, and awarding the Plaintiffs a total of $ 24,573.92. Id. at 3-4.

Thereafter, Defendant did not comply with the terms of the award. Compl. P 14. On July 10, 2003, the Plaintiffs filed a civil action with this Court seeking: (1) confirmation of the arbitration award, (2) 10% prejudgment interest per year from the date of the award to the entry of confirmation, and (3) attorney's fees and costs incurred in bringing this action. Id. at 4. Plaintiffs' Complaint was served upon the Defendant on July 18, 2003. To this point, Defendant has neither responded to the Complaint nor separately brought a motion to vacate, modify or correct the arbitration award. While prosecuting this confirmation action, Plaintiffs' counsel have billed a total of $ 953.50 in attorney time and incurred $ 89.75 in additional costs. See Affidavit of Attorney Services, dated September 30, 2003 ("Garcia Aff.") at 3.

II. DISCUSSION

A. Confirmation of the Arbitration Award

[HN1] Confirmation of a labor arbitration award under *Section 301 of the LMRA, 29 U.S.C. § 185*, and *Section 9 of the FAA, 9 U.S.C. § 9*, [*5] is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)*. Federal courts are extremely deferential in their review of awards issued by arbitrators acting within authority granted by a collective bargaining agreement. See *United Steel Workers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596, 4 L. Ed. 2d 1424, 80 S. Ct. 1358 (1960)* ("The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements."); *Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2d Cir. 1985)* ("In cases in which the arbitrator acts within authority granted by contract, the courts must defer to the arbitrator's decision.") (citations omitted); *In re Marine Pollution Service, Inc., T/A, 857 F.2d 91, 94 (2d Cir. 1988)* ("An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract "in terms that offer even a barely colorable justification [*6] for the outcome reached in order to withstand judicial scrutiny.") (internal quotations omitted).

Indeed, [HN2] none of the statutory grounds for vacation, modification or correction included in the FAA relate to the underlying merits of an arbitration award. See *9 U.S.C. § § 10, 11*; *Florasynth, 750 F.2d at 176* ("The grounds for vacation are narrow. Courts may not question provisions of the award itself; rather, they may vacate only for conduct that has prejudiced the rights of the parties."). Moreover, "the showing required to avoid summary confirmation is high." *Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987)*; see also *National Bulk Carriers, Inc. v. Princess Management Co., 597 F.2d 819, 825 (2d Cir. 1979)* ("only clear evidence of impropriety justifies a denial of summary confirmation.") (internal quotations omitted).

Applying this deferential standard of review, the Court finds nothing improper about the arbitration award granted to the Plaintiffs. Defendants have made no showing as to any of the statutory grounds for vacation, correction or modification. n2 Furthermore, the arbitrator, Mr. Maher, clearly [*7] acted within the authority given to him by the Collective Bargaining Agreement. The Agreement required the parties to submit all disputes regarding Defendants' benefit fund payment obligations to Plaintiffs to binding arbitration in front of Mr. Maher, Compl. P 10, and Mr. Maher expressly referred to Defendant's payment obligations as stated in the Agreement when rendering his award decision. See Arb. Op. at 2. Accordingly, the Court finds no reason why the arbitration award should not be confirmed.

---

n2 Because Defendant neither responded to Plaintiffs' application for confirmation nor filed its own motion for vacation, correction or modification within three months of the issuance of the award, it has waived its right to contest confirmation. See [HN3] *9 U.S.C. § 12* ((requiring that a notice of motion to vacate, correct or modify an arbitration award be served on the opposing party within three months after the award is filed or delivered); *Florasynth,, 750 F.2d at 174* (holding that defendant's failure to move to vacate within the FAA's three- month time limit also precluded him from later opposing a motion to confirm the arbitration award).

[*8]

B. Attorney's Fees

Case 1:04-cv-01510-JJF     Document 12-4     Filed 08/18/2005     Page 5 of 5

Page 4
2003 U.S. Dist. LEXIS 21139, *; 174 L.R.R.M. 2534
Case 1:04-cv-01510-JJF     Document 12-4     Filed 08/18/2005     Page 5 of 5

Page 4
2003 U.S. Dist. LEXIS 21139, *; 174 L.R.R.M. 2534

Plaintiffs also seek a total of $ 953.50 in attorney's fees and $ 89.75 in costs they have incurred while pursuing this confirmation action Garcia Aff. at 3. [HN4] Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the FAA provide for attorney's fees in actions to confirm an arbitration award. *Int'l Chemical Workers Union Local No. 227, 774 F.2d at 47.* However, because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of arbitration award "refuses to abide by an arbitrator's decision without justification." Id. (citations omitted).

While the propriety of an attorney fee award depends upon the facts and circumstances of each case, the history of the present dispute suggests that attorney's fees are warranted here. When the Defendant entered into the Collective Bargaining Agreement, it agreed to submit all disputes regarding its payment obligations to Plaintiffs to binding arbitration. Moreover, Defendant [*9] chose not to participate in the arbitration proceedings or even to oppose Plaintiffs' application for confirmation of the arbitration award. Defendant's refusal to comply with the arbitration award is therefore clearly without justification. See *In the Matter of Arbitration between Soft Drink and Brewery Workers Union Local 812, IBT, AFL-CIO and Ali-Dana Beverages, Inc., 1996 U.S. Dist. LEXIS 10585, No. 95 CIV. 8081, 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996)* (awarding attorney's fees where defendant "failed to either pay the award or file a motion to vacate or modify"); *Hunt v. Commodity Haulage Corp., 647 F. Supp. 797, 799 (E.D.N.Y. 1986)* (finding defendants' resistance to arbitration award was "without justification" where defendants had agreed to binding arbitration under a collective bargaining argreement, then chose not to participate in the arbitration proceedings and did not oppose application for confirmation).

Accordingly, an award of $ 1043.25 in attorney's fees and costs to Plaintiffs as specified in Plaintiffs' Affidavit of Attorney Services is appropriate.

C. Prejudgment Interest

Plaintiffs also seek an award of 10% prejudgment interest per year on the [*10] arbitration award running from the date of the award to the entry of judgment by this Court. [HN5] While the awarding of prejudgment interest in confirmation of arbitration award actions in the discretion of the trial court, there is a "presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. International Navigation, Ltd., 737 F.2d 150, 154 (2d Cir. 1984).* Moreover, courts in this Circuit have awarded pre-judgment interest in cases involving an LMRA arbitration conducted pursuant to a collective bargaining agreement that indicated an arbitration award is "final and binding." See *Soft Drink and Brewery Workers Union, 1996 U.S. Dist. LEXIS 10585, 1996 WL 420209, at *3* (awarding prejudgment interest in action to confirm an LMRA arbitration award); *Maney v. United Sanitation, Inc., 2000 U.S. Dist. LEXIS 12004, No. 99 CIV. 8595, 2000 WL 1191235, at *6 (S.D.N.Y. Aug. 21, 2000)* (same).

In light of the presumption in favor of prejudgment interest and the fact that the Collective Bargaining Agreement between the parties has a binding arbitration clause, the Court finds that prejudgment interest in this case is appropriate. However, the Court will follow the common practice among [*11] the courts of this Circuit and set the interest rate at 9% rather than 10% per year. See *Soft Drink and Brewery Workers, 1996 U.S. Dist. LEXIS 10585, 1996 WL 420209, at *3* (awarding prejudgment interest at rate of 9% per annum); *Maney, 2000 U.S. Dist. LEXIS 12004, 2000 WL 1191235, at * 6* (same).

III. CONCLUSION

For the reasons stated above, Plaintiffs' May 12, 2003 arbitration award is hereby CONFIRMED. In addition, Plaintiffs are AWARDED attorney's fees and costs in the amount of $ 1043.25 and prejudgment interest on the arbitration award at an annual rate of 9% from the time of the award to the date of this judgment. The Clerk of the Court is DIRECTED to enter judgment accordingly and close the docket in the above-captioned case. n3

---

n3 Because the Court's Order grants all relief requested by Plaintiffs in their Complaint, there is no need for the Court to address Plaintiffs' Default Judgment Motion.

SO ORDERED.

Dated: November 20, 2003

   Deborah A. Batts [*12]

   United States District Judge