# EXHIBIT D

LEXSEE 1991 U.S. DIST. LEXIS 8976

JAMAICA COMMODITY TRADING COMPANY LIMITED, Petitioner, v.
CONNELL RICE & SUGAR COMPANY, INC. and L & L MARINE SERVICE,
INC. Respondents

No. 87 Civ. 6369 (JMC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

1991 U.S. Dist. LEXIS 8976

July 2, 1991
July 3, 1991, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner commodity trader (trader) filed a motion to confirm an arbitration award against respondents, commodity producer (producer) and transport service (transporter) under 9 U.S.C.S. § 9. The cause of action arose when a delay in loading commodities caused the transporter to seek recovery of costs from the trader, which then sought indemnification from the producer.

**OVERVIEW:** The trader entered into a contract with the producer to purchase rice. The agreement had an arbitration clause governed by the American Arbitration Association (AAA). The trader then contracted with the transporter to provide for shipping. That agreement also had an arbitration clause, governed by the Society of Maritime Arbitrators (SMA). As a result of a delay, the transporter sought to recover costs from the trader, which then sought indemnification from the producer. The SMA panel awarded costs to the transporter, and the AAA panel awarded indemnification to the trader. The trader brought an enforcement action when the producer refused to pay. The court granted the motion to confirm the award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C.S. §§ 201-08. The court held that the public policy exception of 9 U.S.C.S. § 201 was to be narrowly construed and that because the award did not violate the most basic notions of morality and justice. The court also awarded attorney's fees to the trader. The court held that the producer acted in bad faith by asserting to the court the same arguments that the arbitrators had expressly rejected.

**OUTCOME:** The court granted the trader's motion to confirm the arbitration award. The court awarded attorney's fees to the trader based on the producer's bad faith refusal to comply with the arbitration award.

**LexisNexis(R) Headnotes**

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN1] The court has jurisdiction to confirm arbitration award under the Arbitration Act, 9 U.S.C.S. § 9. The court also has jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C.S. §§ 201-08, which applies to the recognition and enforcement of foreign arbitral awards arising out of commercial relationships.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN2] A commercial arbitration award subject to the 9 U.S.C.S. §§ 201-08 is one made within the legal framework of another country, pronounced in accordance with foreign law or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN3] The Arbitration Act requires a party to move to vacate an arbitration award within three months after the award is filed or delivered. 9 U.S.C.S. § 12. The Arbitration Act also allows a party one year to confirm an award. 9 U.S.C.S. § 9. The one-year period to confirm the award does not provide an exception to the three-

month limitation period to vacate the award. Thus, a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN4] The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *9 U.S.C.S. § § 201*-08 (the Convention), does not expressly limit the time in which a party may move to vacate or remand an arbitration award. However, in implementing the Convention, Congress provided that the Arbitration Act applies to the Convention to the extent that that the Arbitration Act is not in conflict with this chapter the Convention or the Convention as ratified by the United States. *9 U.S.C.S. § 208.*

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN5] Within three years after an arbitral award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention. *9 U.S.C.S. § 207.*

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN6] Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention), a party has three years to move to confirm the award, in contrast to the Arbitration Act, which allows a party one year to confirm the award. Under the Convention a party may raise one of the grounds for vacating an award at any time during the three-year period in opposition to a motion to confirm.

*Governments > Legislation > Statutory Remedies & Rights*
[HN7] Where two statutes overlap, a party has more than one remedy available and may choose the most advantageous.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN8] The court's review of the arbitration award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) is limited. The burden of proving that an award should be overturned is on the party challenging the enforcement and recognition of the award. A party may attack a foreign award only on the grounds enumerated in Article V of the Convention. Recognition and enforcement of an arbitral award may be refused if the competent authority in the country where the recognition and enforcement is sought finds that the recognition or enforcement of the award would be contrary to the public policy. *9 U.S.C.S. § 201,* Art. V(2)(b). The public policy defense must be construed to achieve the Convention's goal of encouraging recognition and enforcement of commercial arbitration agreements in international contracts. Thus, the public policy defense should be construed narrowly. It should apply only where enforcement would violate the most basic notions of morality and justice.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*
[HN9] The arbitrator's award must draw its essence from the parties' agreement. The arbitrator fails to satisfy this standard if he must have based his award on some body of thought, or feeling, or policy or law that is outside the contract. However, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he has committed serious error does not suffice to overturn his decision.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*
[HN10] Arbitrators are not required to state the reasons for their award. Absent a reasoned award, if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed. Nevertheless, if the arbitrators provide a basis for their decision, the court is not prohibited from examining the arbitrators' rationale.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*
[HN11] Whether an arbitration panel failed to evaluate a party's liability under a contract must be determined by examining the award itself.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN12] It is not fatal to the arbitration award that in reaching their conclusion the arbitrators failed to specifically refer to the contract.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN13] A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.

*Civil Procedure > Alternative Dispute Resolution > Judicial Review*
[HN14] When there is no basis for finding that an arbitration panel exceeded its authority, there is no ground for finding that enforcement of the award threatens public policy under 9 U.S.C.S. § 201.

*Civil Procedure > Costs & Attorney Fees > Attorney Fees*
[HN15] A court has discretion to award attorneys' fees where the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. In the arbitration context, attorneys' fees are warranted where a party's refusal to comply with the arbitrator's decision was in bad faith or frivolous.

**JUDGES:** [*1]

John M. Cannella, United States District Judge.

**OPINIONBY:**

CANNELLA

**OPINION:**

MEMORANDUM AND ORDER

Petitioner's motion to confirm the arbitration award dated June 26, 1990 is granted. *9 U.S.C. § 9* (1988). Respondent's motion to vacate or remand the arbitration award is denied. *9 U.S.C. § 201* (1988).

BACKGROUND

On or about July 7, 1986, petitioner Jamaica Commodity Trading Company Limited ["JCTC"] entered into a contract with respondent Connell Rice & Sugar Company, Inc. ["Connell Rice"], whereby Connell Rice agreed to sell to JCTC approximately 4,500 tons of rice. JCTC is a corporation owned by the Government of Jamaica with its principal place of business in Jamaica. Connell Rice is a New Jersey corporation with its principal place of business in New Jersey. The commodity contract contains an arbitration clause which provides for arbitration of any controversy or claim arising out of the contract in accordance with the Rules of the American Arbitration Association [the "AAA"].

On or about July 7, 1986, JCTC also entered into a charter party with L & L Marine Service, Inc. ["L & L Marine"], whereby it chartered the Ocean Chief tug and barges to carry the rice from a port in the United States Gulf [*2] to Jamaica. The charter party contains an arbitration clause providing for the arbitration of disputes arising under the contract in accordance with the Rules of the Society of Maritime Arbitrators [the "SMA"]. As a result of a delay in loading the rice, L & L Marine sought to recover its demurrage costs from JCTC. JCTC in turn sought indemnification from Connell Rice for any amount it owed to L & L Marine.

The Court ordered that a joint hearing be held before both the SMA and AAA panels to resolve the disputes. See Memorandum and Order, at 6-7, 87 Civ. 6369 (JMC) (S.D.N.Y. Jan. 12, 1988). The Court further ordered that upon conclusion of the joint hearing, the SMA panel make its determination regarding the L & L Marine/JCTC dispute and that after further proceedings before the AAA panel, the AAA panel make its determination as to the JCTC/Connell Rice dispute. See id. After four joint hearings, the SMA panel rendered an award in the sum of $ 92,792.35 against JCTC, for L & L Marine's demurrage and other related expenses incurred from the delay in loading the cargo. A fifth hearing was then held before the AAA panel. Shortly thereafter, the AAA panel issued a final award on [*3] June 26, 1990 in favor of JCTC. The award consisted of one page detailing the panel's calculation of its final award in the sum of $ 91,772.52, plus prejudgment interest in the amount of 10% per year from the date of the award until the award is fully paid or reduced to judgment. Although the AAA rules do not require the arbitrators to delineate the reasons for their decision, the chairman of the panel agreed to provide the parties with a reasoned version of the award as a courtesy to counsel. A majority of the AAA panel issued a document stating the reasons for the June 26 award on October 24, 1990.

JCTC now moves to confirm the June 26, 1990 AAA award pursuant to section 9 of the Federal Arbitration Act, *9 U.S.C. § 9* (1988) [the "Arbitration Act"]. Connell Rice moves to vacate or remand the June 26 award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, acceded to Sept. 30, 1979, *21 U.S.T. 2517*, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (codified at *9 U.S.C. §§ 201*-08 (1988)) ["the "Convention"].

DISCUSSION

[HN1] The Court has jurisdiction to confirm the arbitration award under the Arbitration Act. See *9 U.S.C. § 9* (1988). The Court also has [*4] jurisdiction under the Convention, which applies to the recognition and enforcement of foreign arbitral awards arising out of commercial relationships. See id. § 201, Art. I(1), § 202 (1988). The Convention, however, does not define foreign awards. In this circuit, [HN2] a commercial arbitra-

tion award subject to the Convention is one "made within the legal framework of another country, e.g. pronounced in accordance with foreign law or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction." *Bergesen v. Joseph Muller Corp., 710 F.2d 928, 932 (2d Cir. 1983)* (emphasis added). Here, the award involves a Jamaican corporation and Connell Rice seeks to enforce the award in the United States; hence, this Court has jurisdiction to recognize and enforce the award under the Convention. See *Dworkin-Cosell Interair Courier Servs. v. Avraham, 728 F. Supp. 156, 159 (S.D.N.Y. 1989).*

JCTC's application to confirm the award is made under the Arbitration Act. In contrast, Connell Rice's motion to vacate the award is made under the Convention. With respect to the motion to vacate, JCTC first argues that the timeliness [*5] of Connell Rice's motion is governed by the Arbitration Act. It is undisputed that under the Arbitration Act, Connell Rice's objections are untimely. [HN3] The Arbitration Act requires a party to move to vacate an arbitration award within three months after the award is filed or delivered. See *9 U.S.C. § 12* (1988). The Arbitration Act also allows a party one year to confirm an award. See id. § 9. The Second Circuit has held that the one-year period to confirm the award does not provide an exception to the three-month limitation period to vacate the award. See *Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984).* Thus, "a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." Id. Since Connell Rice's objections to JCTC's application to confirm the award were filed approximately five months after the arbitrators issued their award, it is untimely under the Arbitration Act.

Conversely, [HN4] the Convention does not expressly limit the time in which a party may move to vacate or remand an arbitration award. However, in implementing the Convention, [*6] Congress provided that the Arbitration Act applies to the Convention "to the extent that that chapter [the Federal Arbitration Act] is not in conflict with this chapter [the Convention] or the Convention as ratified by the United States." *9 U.S.C. § 208* (1988). JCTC argues that since the Convention is silent, the three-month limitation period should apply to awards also encompassed within the Convention, thereby precluding Connell Rice's motion to vacate the award.

JCTC's argument, however, ignores the plain language of section 207 of the implementing statute, which establishes that there are significant differences between the Convention and the Arbitration Act. Section 207 provides as follows:

[HN5] Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Id. § 207 (emphasis added). The first notable difference [*7] between the two statutes is that [HN6] under the Convention a party has three years to move to confirm the award, in contrast to the Arbitration Act which allows a party one year to confirm the award. Second, and most importantly, under the Convention a party may raise one of the grounds for vacating an award at any time during the three-year period in opposition to a motion to confirm. Since Connell Rice's motion to vacate is made within three years of the award in opposition to JCTC's motion to confirm, it is permissible under the Convention. The untimeliness of Connell Rice's opposition under the Arbitration Act does not preclude it from proceeding under the Convention. [HN7] Where the two statutes overlap, a party "has more than one remedy available and may choose the most advantageous." *Bergesen, 710 F.2d at 934.*

[HN8] The Court's review of the arbitration award "is limited under the Convention and the burden of proving that an award should be overturned is on the party challenging the enforcement and recognition of the award." *La Societe Nationale v. Shaheen Natural Resources Co., 585 F. Supp. 57, 61 (S.D.N.Y. 1983)* (citations omitted), aff'd, *733 F.2d 260* [*8] (2d Cir.), cert. denied, *469 U.S. 883 (1984).* A party may attack a foreign award only on the grounds enumerated in *Article V of the Convention.* See *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA), 508 F.2d 969, 973 (2d Cir. 1974).* In support of its contention that the award should be vacated, Connell Rice relies on Article V(2)(b), which provides as follows:

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where the recognition and enforcement is sought finds that:

. . . .

b. The recognition or enforcement of the award would be contrary to the public policy.

*9 U.S.C. § 201,* Art. V(2)(b) (1988). The public policy defense must be construed to achieve the Convention's goal of encouraging recognition and enforcement of commercial arbitration agreements in international con-

tracts. See *Waterside Ocean Navigation Co. v. International Navigation Ltd.*, 737 F.2d 150, 152 (2d Cir. 1984). Thus, "the public policy defense should be construed narrowly. It should apply only where enforcement would violate our 'most basic notions of [*9] morality and justice.'" Id. at 152 (quoting *Fotochrome, Inc. v. Copal Co.*, 517 F.2d 512, 516 (2d Cir. 1975)).

Connell Rice bases its claim that vacatur is warranted under the public policy defense on the arbitrators' alleged failure to apply the commodity contract. It is well settled that [HN9] the arbitrator's award must draw its essence from the parties' agreement. See *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *In re Marine Pollution Serv. Inc.*, 857 F.2d 91, 94 (2d Cir. 1988). The arbitrator fails to satisfy this standard if he "'must have based his award on some body of thought, or feeling, or policy or law that is outside the contract . . . .'" Id. (quoting *Ethyl Corp. v. United Steelworkers*, 768 F.2d 180, 187 (7th Cir. 1985), cert. denied, 475 U.S. 1010 (1986)) (emphasis in original). However, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he has committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union*, 484 U.S. at 38. [*10] In support of its position, Connell Rice relies upon the reasons proffered by the arbitrators four months after the award was issued. The Court notes that [HN10] arbitrators are not required to state the reasons for their award. See *Wilko v. Swan*, 346 U.S. 427, 436 (1953). Absent a reasoned award, "if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972). Nevertheless, if the arbitrators provide a basis for their decision, the court is not prohibited from examining the arbitrators' rationale. See *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960); *I/S Stavburg v. National Metal Converters, Inc.*, 500 F.2d 424, 427 (2d Cir. 1974).

The crux of Connell Rice's contention is that the AAA panel was determined to find in favor of JCTC because the SMA panel had concluded that JCTC was liable to L & L Marine. In support of its position, Connell Rice first points out that the arbitrator who dissented from the SMA panel's award against JCTC subsequently joined in the SMA panel's [*11] award which found in favor of JCTC. Connell Rice contends that there is no logical basis for the arbitrator's change in position, other than a desire to compel Connell Rice to indemnify JCTC for the sums JCTC paid to L & L Marine pursuant to the SMA panel's award. The Court, however, will not speculate as to the arbitrator's motivations. Rather, [HN11] whether the AAA panel failed to evaluate Connell Rice's liability under the commodity contract must be determined by examining the AAA award itself.

Connell Rice also relies upon the reasons offered by the arbitrators to support its assertion that the panel exceeded its authority. Specifically, Connell Rice claims that the arbitrators' reasons illustrate the panel's failure to consider whether under the commodity contract (1) L & L Marine could tender its notice of readiness at a berth other than Baton Rouge, Louisiana, and (2) L & L Marine could properly tender a notice of readiness when the Ocean Chief tug was not present.

Preliminarily, the Court observes that the arbitrators' reasons indicate that they were cognizant of their obligation to interpret the commodity contract. The panel stated as follows:

It should be noted that after the [*12] final SMA award was issued it was up to the AAA panel to determine whether or not the suppliers (i.e. Connell Rice and Sugar Co. Inc.) should or should not be responsible for the default which Jamaica Commodity Trading Co., Ltd. claimed, since they were found at fault for the payment of demurrage by the majority of the SMA panel in their arbitration with L & L Marine.

Affidavit of Raymond A. Connell in Support of Motion for Order Vacating or Remanding Award of Arbitrators, at Exh. S, 87 Civ. 6369 (JMC) (S.D.N.Y. Nov. 14, 1990) ["Connell Affidavit"].

The remainder of the arbitrators' reasons firmly establish that Connell Rice's claims are unfounded. With respect to Connell Rice's assertion that the arbitrators failed to ascertain whether the commodity contract permitted loading at a berth other than Baton Rouge, the arbitrators found as follows:

In an attempt to convolute the issue, the suppliers [Connell Rice] nominated a berth [Baton Rouge] that was not within the parameters of the supply contract. The owners refused to bring their barges to this berth. It was admitted by suppliers' witness that they, (suppliers), were only talking about part cargo at this berth, if they [*13] could have arranged it.

Connell Affidavit, at Exh. S. The arbitrators plainly considered Connell Rice's argument and found it without merit under the terms of the commodity contract.

Connell Rice's contention that the panel also failed to consider whether under the commodity contract L & L Marine could properly tender its notice of readiness without the presence of the Ocean Chief tug is equally without merit. Connell Rice points out that the AAA panel expressly adopted the SMA panel's finding that L

& L Marine was not obligated to keep the Ocean Chief tug alongside the barges while they waited for the cargo. Connell Rice, however, blatantly ignores the panel's further statements indicating that it independently considered Connell Rice's contention and found it completely lacking in merit. The panel stated as follows:

Furthermore, the supplier's [Connell Rice's] own employee, Mr. Ravner, admitted that they did not have the cargo ready for the vessel [the Ocean Chief], when the first notices were given to them, when the vessel tendered on July 23rd. [Connell Rice] used the excuse that, because the vessel [the Ocean Chief] was unable to get up to Baton Rouge on that date the suppliers [*14] [Connell Rice] lost the cargo and the berth.

Id.

The arbitrators' reasons show that the panel considered and promptly rejected Connell Rice's contention that proper tender under the commodity contract required L & L Marine to make the Ocean Chief tug available. [HN12] It is not fatal to the award that in reaching their conclusion the arbitrators failed to specifically refer to the commodity contract. To the extent that there is any uncertainty caused by the panel's failure to cite to specific provisions in the commodity contract, it is well settled that [HN13] "a mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." United States Steelworkers, 363 U.S. at 598. In any event, there was no reason for the panel to specifically refer to the contract because Connell Rice's obligation to supply the cargo did not depend on the presence of the Ocean Chief tug. If Connell Rice had the cargo available, the barges could have been loaded even though the Ocean Chief tug was unavailable. Moreover, it is particularly telling that Connell Rice argues that [*15] the AAA panel should have adopted the reasoning of the dissenting opinion of the SMA panel member who found that under the charter party L & L Marine was required to tender both the barges and the tug. See Connell Affidavit, at para. 45.

In sum, Connell Rice's contention that the AAA panel reached its decision by rubber stamping the SMA panel's findings is completely unjustified. Even a cursory review of the AAA panel's reasons shows that the panel independently concluded that Connell Rice was at fault under the commodity contract. [HN14] Since there is no basis for finding that the AAA panel exceeded its authority, there is no ground for finding that enforcement of the award threatens public policy under the Convention. Accordingly, respondent's motion to vacate and remand the award is denied. 9 U.S.C. § 201 (1988).

The Court also finds that JCTC is entitled to attorneys' fees and costs because Connell Rice's challenge to the award was wholly devoid of merit. [HN15] A court has discretion to award attorneys' fees "where the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) [*16] (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974)). In the arbitration context, attorneys' fees are warranted where a party's refusal to comply with the arbitrator's decision was in bad faith or frivolous. See Merit Ins. Co. v. Leatherby Ins. Co., 737 F.2d 580, 582 (7th Cir. 1984). Here, Connell Rice seeks to avoid confirmation of the AAA panel's award based on the same arguments which the AAA panel explicitly rejected. The arbitrators' reasons plainly show that the panel afforded serious consideration to Connell Rice's contentions but found they were merely excuses raised to avoid its obligations under the commodity contract. There is absolutely no support for Connell Rice's assertion that the panel found Connell Rice at fault based upon the SMA panel's findings without making an independent determination of fault under the commodity contract. In short, Connell Rice's motion to vacate the award under circumstances where it clearly had no reasonable chance of prevailing warrants the imposition of attorneys' fees and costs.

Accordingly, JCTC's motion to confirm the arbitration award is granted. 9 U.S.C. [*17] § 9 (1988). In addition to the principal amount of $ 91,772.52, the Court will also recognize and enforce the arbitrators' award of prejudgment interest. See Waterside Ocean Navigation Co., 737 F.2d at 154.

CONCLUSION

Petitioner's motion to confirm the arbitration award is granted. 9 U.S.C. § 9 (1988). Respondent's motion to vacate and remand the arbitration award is denied. 9 U.S.C. § 201 (1988).

The Clerk of the Court is directed to enter judgment in favor of petitioner in the sum of $ 91,772.52, plus prejudgment interest at the rate of 10% per year from June 26, 1990 until the date the award is reduced to judgment, and postjudgment interest as provided by 28 U.S.C. § 1961.

The parties shall submit a joint proposed order setting forth petitioner's reasonable attorneys' fees in opposing respondent's motion to vacate the arbitration award within twenty (20) days of the filing of this Memorandum and Order. In the event the parties fail to agree, petitioner shall submit a detailed affidavit setting forth its reasonable attorneys' fees within twenty-five (25) days of the filing of this Memorandum and Order, and respondent shall submit its objections within ten [*18] (10)

Case 1:04-cv-01510-JJF    Document 12-5    Filed 08/18/2005    Page 8 of 8

Page 7
1991 U.S. Dist. LEXIS 8976, *

days after receipt of the affidavit. JCTC is not entitled to attorneys' fees and costs in connection with its motion to confirm the arbitration award.

SO ORDERED.