IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHINA THREE GORGES  
PROJECT CORPORATION,  

        Petitioner,  

v.  

ROTEC INDUSTRIES, INC.  

        Respondent.  

Civil Action No. 04-1510-JJF

## RESPONDENT'S RESPONSE IN OPPOSITION TO ATTORNEYS' FEES, POST-ARBITRATION INTEREST AND AMENDMENT TO JUDGMENT AMOUNT

Respondent, Rotec Industries, Inc., hereby replies in opposition to Petitioner's Amended Motion for Attorneys' Fees, Post-Arbitration Interest, and Amendment to Judgment Amount as follows:

**Attorneys' Fees**

1. Petitioner requests that this Court award $206,175.05 in attorneys' fees in this matter. For the foregoing reasons, Petitioner's request should be denied, or alternatively, reduced as the amount of attorneys' fees requested has not been shown to be reasonable.

2. Petitioner was awarded attorney fees in conjunction with the CIETAC proceedings already in this matter, which totaled $319,447.84. The CIETAC Rules and arbitration agreements provided for that award of attorneys' fees, which has now been confirmed by this Court's decision of August 2, 2005. In fact, the award entered into by this Court encompasses the Arbitration Panel's award of attorney fees for the arbitration itself. While the CIETAC Rules permit attorney fees in association with an award, it is silent as to the award of

1

attorney fees in conjunction with the confirmation of the award. Thus, Petitioner's reliance on the CIETAC Rules for the award of attorney fees in this matter is misplaced.

3.      Petitioner's next argument for attorneys' fees is that the Respondent acted in bad faith, vexatiously, wantonly or for oppressive reasons. There is no evidence her that Respondent acted in that manner in filing its response against the Confirmation of Judgment in this matter. The arguments made in Respondent's response were not made in bad faith. Respondent argued that the award should not been enforced because Petitioner failed to comply with the law, and asserted an argument that the award should not be enforced because Petitioner owed in excess of $2.4 million in outstanding receivables. Alternatively, the Court was requested to offset the arbitration award by what was owed to Respondent in receivables. Although not successful, Respondent's arguments were not made in bad faith, vexatiously, wantonly or for oppressive reasons. Accordingly, as Petitioner has made no showing that it is entitled to attorneys' fees, such fees shall be denied.

4.      Even if this Court permits an award of attorneys' fees in this matter, it is clear that Petitioner's affidavit demonstrating a flat fee charged for their work in this matter is not sufficient to form the basis of an attorney fee award. Additionally, it is clear that the fees sought in association with the filing of this Petition are unreasonable and excessive. Petitioner is seeking fees for this Petition of close to 65% of what it received in fees as a result of the whole arbitration proceeding.

5.      The Third Circuit has explained that, as part of the assessment of the reasonableness of fee petitions, district courts "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and

2

then exclude those that are 'excessive, redundant, or otherwise unnecessary."' Pub. Interest Research Group v. Windall, 51 F.3d 1179, 1188 (3d Cir.1995).

6. The Courts generally find that the appropriate method for measuring the reasonableness of attorney's fees is the lodestar method which takes into consideration the number of hours reasonably expended times a reasonable hourly rate. See Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 166-68 (3d Cir.1973) (this method is the traditional means for determining counsel fees in federal cases in the Third Circuit). The first inquiry of the court should be into the hours spent by the attorneys--how many hours were spent in what manner by which attorneys. The Courts have recognized that without some fairly definite information as to the hours devoted to various general activities, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates, the court cannot know the nature of the services for which compensation is sought. Id. at 167. Here, the Court has not been provided with information as to who performed the work, how many hours were put into this matter, etc. A flat fee in this case is not reasonable, without information as to how many hours were spent by various class of attorneys, and if need be to be compared to two factors of reasonableness generally relied upon by the Courts - whether such charges would be billed to a fee-paying client, and what the opposing party did in the same case. In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3d Cir.1984); Coalition to Save Our Children v. State Bd. of Educ., 143 F.R.D. 61, 63-65 (D. Del.1992).

7. Accordingly, Respondent requests that this Court deny Claimant's attorneys' fee request. In the alternative, Respondent requests that this Court determine a reasonable attorneys' fee based upon the hours actually worked in this matter, and take discovery, if necessary.

3

**Interest Rate**

8. Petitioner seeks this Court to award post - arbitration interest at the rate of .021% daily based upon the arbitration award. That rate is oppressive and unreasonable per se, and is not valid under federal law. The Second Circuit has held that a district court judgment affirming an arbitration award under the Federal Arbitration Act is bound by 28 U.S.C. §1961 in determining the rate of post-judgment interest. See Carte Blanche (Singapore) PTE, Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 269 (2d Cir.1989). Section 1961(a) provides in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."

The Court has held that the language of Section 1961 requires that interest be calculated at the rate allowed by state law. Akermanis v. Sea-Land Service, Inc., 521 F. Supp. 44, 57 (S.D.N.Y. 1981), *rev'd on other grounds*, 688 F.2d 898 (2d. Cir. 1982).

9. The weekly average 1- year constant maturity Treasury yield for the week preceding May 12, 2004 (the date which interest is to construe pursuant to the award) appears to be 3.35%. Accordingly, Respondent requests that interest be awarded at the annual rate of 3.35%.

**Amendment of Judgment Amount**

10. Contrary to Petitioner's contention, this Court should not take into account the recent change in the exchange rate. Respondent requests that this Court deny such a request, and

find that the exchange rate at the time the Petition was filed be sufficient for the award. The exchange rate is constantly changing, and it appears that a rate at the time when relief was requested should be allowed because of that variability. Petitioner could have requested this Court take the exchange rate into account before this Court issued its decision. It failed to do so. To the extent that Petitioner's motion is seen as a Motion for Reargument, it was not timely filed, and the Court must deny this request.

WHEREFORE, Respondent respectfully requests that this Court deny Petitioner's Application for Attorneys' Fees, or in the alternative, determine a reasonable fee based upon long-standing case law. Additionally, Respondent requests that this Court apply interest at the rate consistent with federal law, and deny Petitioner's request to modify the judgment amount.

TYBOUT, REDFEARN, & PELL

/s/ Susan A. List
RICHARD W. PELL, ESQ. (178)
SUSAN A. LIST, ESQ. (3752)
300 Delaware Avenue
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901
Attorney for Respondent

DATED: September 1, 2005

## CERTIFICATE OF SERVICE

I, Susan A. List, Esquire, hereby certify that on the 1st day of September, 2005, two copies of the foregoing **Respondent's Response in Opposition to Attorneys' Fees, Post-Arbitration Interest and Amendment to Judgment Amount** were sent via electronic filing to the following individual(s):

| | |
|---|---|
| John W. Paradee, Esquire<br>D. Benjamin Snyder, Esquire<br>Prickett, Jones & Elliott, P.A.<br>11 North State Street<br>Dover, DE 19901 | Deheng Chen Chan, LLC<br>Matthew C. Gruskin, Esquire<br>Of Counsel<br>Appearing Pro Hac Vice<br>225 Broadway, Suite 1910<br>New York, NY 10007 |

/s/ Susan A. List
SUSAN A. LIST