# EXHIBIT B

PHIL H. NEAL, JR., ET AL., Petitioners/Plaintiffs, v. ALABAMA BY-PRODUCTS CORPORATION and DRUMMOND COMPANY, INC., as successor-in-interest, Respondents/Defendants.

Civil Action No. 8282

COURT OF CHANCERY OF DELAWARE, SUSSEX

*1994 Del. Ch. LEXIS 8*

**January 6, 1994, Decided**

**COUNSEL:** [*1]

Bruce M. Stargatt, Esquire, Bruce L. Silverstein, Esquire, Young, Conaway, Stargatt & Taylor, P.O. Box 391, Wilmington, DE 19899.

Thomas J. Allingham II, Esquire, R. Michael Lindsey, Esquire, Skadden, Arps, Slate, Meagher & Flom, P.O. Box 636, Wilmington, DE 19899.

Richard L. Sutton, Esquire, David G. Thunhorst, Esquire, Morris, Nichols, Arsht & Tunnell, P.O. Box 1347, Wilmington, DE 19899.

**JUDGES:** CHANDLER III

**OPINIONBY:** WILLIAM B. CHANDLER III

**OPINION:**

This is my decision regarding the appropriate rate of post-judgment interest to be paid under the Proposed Final Order and Judgment in this case. The background for the dispute now before me is set forth in my September 22, 1993 Memorandum Opinion and will not be repeated here. See *Neal v. Alabama By-Products Corp., 1993 Del. Ch. LEXIS 214,* Del. Ch., C.A. No. 8282, Chandler, V.C. (Sept. 22, 1993).

Shearson and Merrill Lynch contend that simple interest on $ 105.07 at the rate of 12.5 percent, should be paid from April 5, 1990 (in Shearson's case) or May 28, 1987 (in Merrill Lynch's case) until paid. Drummond wants to pay simple interest on the $ 105.07 at the 12.5 percent rate only up until November 15, 1991, and then simple interest at 8 percent from the Final Order date until [*2] paid. In effect, Drummond wants to pay a reduced interest rate while it appeals my September 22 decision. It also argues that because Shearson and Merrill Lynch mistakenly tendered their ABC stock for the merger price, they do not deserve interest from November 15, 1991 to the date of the Final Order.

The answer to the question now before me, in my view, already has been provided in an earlier decision in this case. This Court's August 1, 1990 decision held, among other things, that ABC stockholders seeking he appraisal remedy were entitled to simple interest at the rate of 12.5 percent per annum. No distinction was made between pre-judgment and post-judgment interest rates. See *Neal v. Alabama By-Products Corp., 1990 Del. Ch. LEXIS 127,* *65, Del. Ch., C.A. No. 8282, Chandler, V.C. (Aug. 1, 1990), aff'd, *Del. Supr., 588 A.2d 255 (1991).* Merrill Lynch and Shearson were among the group of ABC stockholders who petitioned this Court for the appraisal remedy provided by *8 Del. C. § 262.* Furthermore, I previously ruled that Merrill Lynch's and Shearson's appraisal election had not been terminated or withdrawn by virtue of their mistaken tender of ABC stock. Merrill [*3] Lynch and Shearson, therefore, are entitled to the same rate of interest as other ABC stockholders who sought the appraisal remedy.

I disagree with Drummond's contention that a distinction should be drawn between the pre-judgment and post-judgment interest rate to account for Merrill Lynch's and Shearson's mistaken tender. "The purpose of interest is to fairly compensate the stockholders for their inability to use the money during the entire period in question." *Bell v. Kirby Lumber Corp., Del. Supr., 413 A.2d 137, 149 (1980).* Here, Merrill Lynch and Shearson will be deprived of the ability to use their money during the period of any appeal from this Order. Drummond, on the contrary, will have full use of the money during the period of any appeal from this Order. For the reasons set forth in my August 1, 1990 decision, 12 percent simple interest is the appropriate rate to fairly compensate the stockholders for their inability to use the money during the period in question. No fair and reasonable basis appears for awarding one rate of interest to one subset of ABC stockholders seeking appraisal and a different rate of

interest to another subset of [*4] ABC stockholders seeking appraisal.

Drummond relies on authorities, such as *National Bank of Canada v. Artex Indus. Inc., 627 F. Supp. 610 (S.D.N.Y. 1986)*, that have denied interest to a party seeking to recover a mistaken payment on the theory that the error which necessitated the litigation was the plaintiffs and it would therefore be unfair to charge a defendant for the lost interest. These authorities are inapposite. I already have concluded that Drummond failed to comply with the requirements for terminating appraisal rights and that Merrill Lynch and Shearson were entitled to their appraisal remedies. Thus the parties here do not stand in the same shoes as the plaintiff and defendant in cases such as National Bank of Canada.

Because my September 22, 1993 decision effectively enforces this Court's August 1, 1990 Opinion and Order, I have entered the form of order proposed by Shearson and Merrill. A copy is attached for your records.

William B. Chandler III

**FINAL ORDER AND JUDGMENT**

Petitioner/Plaintiff, Cede & Co. ("Cede"), acting on behalf of Shearson Lehman Brothers, Inc. ("Shearson") and Amy Neal Ager ("Ms. Ager"), and Petitioner, [*5] Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch"), acting on behalf of Cede, having moved for an order enforcing the Order Amending Judgment ("Judgment"), which was entered herein on August 21, 1990, and which was affirmed by the Delaware Supreme Court on March 8, 1991; and the Court having reviewed the briefs submitted by Cede, Merrill Lynch and Respondent/Defendant, Drummond Company, Inc. ("Drummond"), and having heard oral argument by counsel for Cede, Merrill Lynch and Drummond on August 9, 1993, and having issued on September 22, 1993, a Memorandum Opinion and Interlocutory Order thereon;

NOW, THEREFORE, IT IS HEREBY ORDERED, DECREED AND ADJUDGED, this 6th day of January, 1994, that

1. For each of 2,440 shares of the common stock of Alabama By-Products Corporation ("ABC") that were held of record by Cede for Shearson, and which were submitted to ABC's transfer agent on or about March 14, 1990, Drummond shall pay Shearson the sum of (i) $ 105.07, plus (ii) simple interest on the amount of $ 180.67, calculated at the rate of 12.5% per annum from August 13, 1985 through April 5, 1990, plus (iii) simple interest on the amount of $ 105.07, calculated at the rate of 12.5% per annum [*6] from April 5, 1990, until paid;

2. For each of 400 shares of the ABC common stock that were held of record by Cede for Merrill Lynch, and which were submitted to ABC's transfer agent on or about May 5, 1987, Drummond shall pay Merrill Lynch the sum of (i) $ 105.07, plus (ii) simple interest on the amount of $ 180.67, calculated at the rate of 12.5% per annum from August 13, 1985 through May 28, 1987, plus (iii) simple interest on the amount of $ 105.07, calculated at the rate of 12.5% per annum from May 28, 1987, until paid;

3. Pursuant to *8 Del. C. § 262(j)* and Chancery Court Rule 54(d), costs of the proceedings on the motions of Cede and Merrill Lynch to enforce the Judgment shall be paid to Cede and Merrill Lynch by Drummond, such costs to consist of court costs paid or owing to the Register in Chancery by Cede or Merrill Lynch in connection with their motions; and

4. The Register in Chancery shall forthwith forward to the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County a certified copy of this Final Order And Judgment enforcing Order Amending Judgment to be entered by the Prothonotary in the same amount and form and in the same books [*7] and indexes as judgments and orders in accordance with *10 Del. C. § 4734*.

William B. Chandler III

Vice Chancellor