IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHINA THREE GORGES PROJECT    :
CORPORATION,    :
   :
      Petitioner,    :
   :
   v.    :    Civil Action No. 04-1510-JJF
   :
ROTEC INDUSTRIES, INC.,    :
   :
      Respondent.    :

**MEMORANDUM ORDER**

Pending before the Court are Petitioner's Motion For Attorney Fees (D.I. 11) and Petitioner's Amended Motion For Attorney Fees, Post-Arbitration Interest, And Amendment Of Judgment Amount (D.I. 12). For the reasons discussed, Petitioner's Amended Motion For Attorney Fees, Post-Arbitration Interest, And Amendment Of Judgment Amount (D.I. 12) will be granted in part and denied in part and Petitioner's Motion For Attorney Fees (D.I. 11) will be denied as moot.

**I.  BACKGROUND**

This action arose out of a construction accident that occurred in the People's Republic of China in September 1999. Following the accident, and pursuant to the arbitral terms agreed to by the parties, Petitioner applied to the China International Economy and Trade Arbitration Commission ("CIETAC") for arbitration to recover losses resulting from the accident. An arbitration panel awarded damages in the amount of RMB ¥32,755,375.89 to Petitioner.

On December 10, 2004, Petitioner filed a Petition To Confirm A Foreign Arbitral Award (D.I. 1) in this Court, requesting that the Court confirm the arbitral award and order Respondent to pay the balance of the award and the execution fee charged in Chinese court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202 et seq. ("the Convention"). The Court granted the Petition, confirming the arbitral award and ordering Respondent to pay the amount set out in the award, less the amount for which Petitioner had already sought partial enforcement in the Chinese courts. (D.I. 10). The Court also granted Petitioner leave to file a separate petition for additional fees and interest. Presently before the Court are Petitioner's requests for attorney's fees, post-arbitration interest, and amendment of judgment amount. (D.I. 12).

## II. PARTIES' CONTENTIONS

By its Amended Motion, Petitioner contends that it should be awarded attorney's fees for confirming the arbitration award in this Court because the CIETAC rules provide for such fees and because Respondent has acted in bad faith by failing to timely pay the arbitration award. Petitioner further contends that the Court should order Respondent to pay the post-arbitration interest at the rate awarded by CIETAC. Finally, Petitioner contends that the Court should amend the judgment amount to

reflect a significant change in the exchange rate that occurred on July 21, 2005.

In response, Respondent contends that Petitioner should not be awarded attorney's fees because Respondent did not act in bad faith, and because there is no express statutory or contractual provision providing for attorney's fees. Respondent further contends that the post-judgment interest rate should be reduced pursuant to 28 U.S.C. § 1961(a). Finally, Respondent contends that the Court should not amend the judgment because exchange rates are always fluctuating and an amendment is not justified.

## III. DISCUSSION

A. Whether Petitioner Should Be Awarded Attorney's Fees Incurred In Confirming The Decision Of The CIETAC Arbitration Panel

Under the American Rule, each party to a lawsuit generally bears its own attorney's fees. Ford v. Temple Hosp., 790 F.2d 342, 346 (3d Cir. 1986). An exception exists, however, where a statute or contractual provision expressly provides for attorney's fees. Delaware Dep't of Health & Soc. Servs. v. United States Dept. of Educ., 772 F.2d 1123, 1139 (3d Cir. 1985). Another exception allows a court to award attorney's fees where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Hall v. Cole, 412 U.S. 1, 5 (1973).

The Court concludes that there is no contractual or statutory provision providing for attorney's fees upon

3

confirmation of an arbitral award.  Petitioner relies upon

incorporation of the CIETAC rules, particularly Article 59, into

the arbitration agreement in arguing that it is entitled to

attorney's fees pursuant to a contractual provision.[1]  Article 59

provides:

> The arbitration tribunal has the power has the power to
> decide in the arbitral award that the losing party
> shall pay the winning party as compensation a
> proportion of the expenses reasonably incurred by the
> winning party in dealing with the case.

CIETAC Arbitration Rules, effective Oct. 1, 2000 (emphasis

added).  This provision, however, does not provide for attorney's

fees where a party seeks confirmation of an arbitral award; it

only provides for an award of attorney's fees by the arbitration

tribunal.  Petitioner was already awarded such fees by CIETAC.

Furthermore, the Convention is silent as to any fees a party may

be awarded.  9 U.S.C. § 202 et seq.

Because there is no statutory or contractual provision

providing for attorney's fees, the Court must determine whether

Respondent acted in bad faith, vexatiously, wantonly, or for

oppressive reasons.  Courts have wide discretion in determining

whether there was bad faith and in awarding attorney's fees if

---

[1]Petitioner also argues that Articles 60 and 63 authorize
this Court to award attorney's fees.  However, Article 60
provides that an arbitral award is binding upon the parties, and
Article 63 provides that an award may be enforced in Chinese
court or another competent court if the award is not timely
executed.  These Articles do not authorize an award of attorney's
fees upon confirmation.

bad faith is found.   Perichak v. Int'l Union of Elec. Radio &
Mach. Workers, 715 F.2d 78, 80 (3d Cir. 1983).

Petitioner contends that Respondent acted in bad faith
because it failed to timely abide by the arbitration panel's
decision and because its reasons for failing to comply are
frivolous.[2]  Respondent contends that it did not act in bad faith
because it argued on confirmation that (1) the award should not
be enforced since Petitioner failed to comply with the law and
(2) the amount due Petitioner should be offset by the amount
Petitioner owed Respondent.  The Court concludes that although
unsuccessful, Respondent's arguments were not made in bad faith
or for oppressive reasons.  Furthermore, the Court is reluctant
to make attorney's fees an automatic penalty following
confirmation proceedings absent a further showing of bad faith.

_____

[2]Petitioner cites N.Y. City Dist. Council of Carpenters
Pension Fund v. Eastern Millennium Constr., Inc., 2003 U.S. Dist.
LEXIS 21139 (S.D.N.Y. 2003) and Jamaica Commodity Trading Co.
Ltd., v. Connell Rice & Sugar Co., Inc., 1991 U.S. Dist. LEXIS
8976 (S.D.N.Y. 1991) for the proposition that attorney's fees
should be awarded when a party refuses to abide by an
arbitrator's decision.  Eastern Millennium is distinguishable
from the case presently before the Court because Eastern
Millennium involved a Defendant who did not participate in the
arbitration or the confirmation proceedings and therefore had no
justification for its refusal to pay the arbitral award.  2003
U.S. Dist. LEXIS 21139, at *8-9.  The Court recognizes that
Jamaica Commodity is similar to the present case in that the
respondents in both cases attempted to reargue on confirmation at
least one argument already rejected in arbitration.  1991 U.S.
Dist. LEXIS 8976, at *15-16.  The Court, however, is not
persuaded by this case from the Southern District of New York,
particularly in light of the Third Circuit's reluctance to award
attorney's fees absent a very strong showing of bad faith.

Accordingly, the Court will deny Petitioner's Motion For Attorney's Fees.

  B. <u>Whether Petitioner Should Be Awarded Post-Arbitration Interest</u>

  The foreign arbitral award included post-arbitration interest at the daily rate of .021%, beginning May 13, 2004. Respondent contends that the post-judgment interest rate, following the Court's confirmation, should be reduced in order to comply with 28 U.S.C. § 1961(a), which provides for post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield." 28 U.S.C. § 1961(a). In support of this argument, Respondent cites <u>Carte Blanche (Singapore) PTE, Ltd. v. Carte Blanche Int'l, Ltd.</u>, 888 F.2d 260 (2d Cir. 1989).

  In <u>Carte Blanche</u>, the Second Circuit Court of Appeals held that the district court properly reduced under § 1961(a) a domestic arbitral award made pursuant to the Federal Arbitration Act. 888 F.2d at 268-70. The court relied on 9 U.S.C. § 13, which provides that judgment as to an arbitral award "shall... be subject to all the provisions of law relating to, a judgment in an action." <u>Id</u>. at 269. As such, the court concluded that the limitation on post-judgment interest provided in § 1961(a) applied to domestic arbitration awards.

  The laws and statutes applicable to domestic arbitration awards are also applicable to foreign arbitration awards, but only to the extent that those laws are "not in conflict with...

6

the Convention as ratified by the United States." 9 U.S.C. §
208. Article V of the United Nations Convention on the
Recognition and Enforcement of Foreign Arbitration Awards
provides limited circumstances in which a court may refuse to
enforce an award as granted by a foreign arbitration panel.[3] The
only circumstance that could give rise to the Court's refusal in
this case is that "enforcement of the award would be contrary to
the public policy of" the United States. Respondent, however,
has failed to offer, and the Court has not found, any case law or
reason that the post-arbitration interest rate is contrary to
public policy other than that it conflicts with § 1961(a).

---

[3]Article V of the Convention provides the limited reasons
for which a court may refuse to enforce an arbitral award:
    (a)  The parties....were...under some incapacity, or
    the said agreement is not valid...; or
    (b)  The party against whom the award is invoked was
    not given proper notice of the appointment of the
    arbitrator or of the arbitration proceedings or was
    otherwise unable to present his case; or
    (c)  The award deals with a difference not contemplated
    by or not falling within the terms of the submission to
    arbitration...; or
    (d)  The composition of the arbitral authority or the
    arbitral procedure was not in accordance with the
    agreement of the parties... or... with the law...; or
    ...
    (a)  The subject matter of the difference is not
    capable of settlement by arbitration under the law of
    that country; or
    (b)  The recognition or enforcement of the award would
    be contrary to the public policy of that country.
United Nations Convention on the Recognition and Enforcement of
Foreign Arbitration Awards, Article V, June 10, 1958.

The Court concludes that none of the limited reasons for
which a court may refuse to enforce an award applies.  Thus, the
Court must enforce the arbitration award as granted by the
foreign arbitration panel.  Accordingly, the Court will deny
Respondent's request that the Court alter the post-arbitration
rate by applying a post-judgment interest rate pursuant to §
1961(a).  The post-arbitration interest rate of .021% daily
applies and began to accrue on May 13, 2004.

C.  Whether The Judgment Amount Should Be Amended To
    Reflect The Change In Exchange Rate On July 21, 2005

The Court construes Petitioner's request to amend the
judgment as a motion to alter or amend the judgment brought
pursuant to Federal Rule of Civil Procedure 59(e).  Because
Petitioner filed the its request eight days after the judgment
was entered, the motion is timely and will be considered.  Fed.
R. Civ. P. 59(e).

There is some debate among the circuits about what date
determines the exchange rate for computing damages from an amount
in foreign currency to a dollar judgment.  Nikimiha Sec., Ltd. v.
Trend Group, Ltd., 646 F. Supp. 1211, 1227-28 (E.D. Pa. 1986).
The answer hinges on the interpretation of two United States
Supreme Court cases, Hicks v. Guinness, 269 U.S. 71 (1925) and
Deutsche Bank Filiale Nurnberg v. Humphrey, 272 U.S. 517 (1926).
Out of these cases, the circuit courts have developed two
different approaches.  The first approach focuses on the place of

8

payment; the date of judgment applies when the obligation is payable in a foreign country in that country's currency, and the date of breach applies when the payment is to be made in the United States. <u>Paris v. Cent. Chiclera</u>, S. De R. L., 193 F.2d 960, 962-63 (5th Cir. 1952). The second approach looks to where the plaintiff's cause of action arose and the date of judgment applies only when the cause of action arose entirely under foreign law. <u>In re Good Hope Chem. Corp.</u>, 747 F.2d 806, 810 (1st Cir. 1984). The Court has not found, and Petitioner has not cited, a case in which the Third Circuit Court of Appeals has addressed this issue.

The Court concludes that under either approach, the exchange rate on the date of the judgment will apply. Petitioner is a corporation organized under the laws of the People's Republic of China. Respondent delivered three tower cranes to Petitioner for use in a construction project in China. The injuries and damages, which resulted in the arbitration, occurred in China. Furthermore, the arbitration, conducted by CIETAC, occurred in China and yielded an award in Chinese currency. Accordingly the Court concludes that the exchange rate on August 2, 2005, RMB ¥8.1032 = $1.00, applies and the judgment will be amended to reflect that change.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED this ___24___ day of February 2006, that:

1.  Petitioner's Motion For Attorney Fees (D.I. 11) is **DENIED AS MOOT**.

2.  Petitioner's Amended Motion For Attorney Fees, Post-Arbitration Interest, And Amendment Of Judgment Amount (D.I. 12) is **GRANTED IN PART AND DENIED IN PART**.

    a.  Petitioner's Motion For Attorney's Fees is **DENIED**.

    b.  Petitioner's Motion For Post-Arbitration Interest is **GRANTED**. Interest began to accrue at .021% daily on May 13, 2004.

    c.  Petitioner's Motion For Amendment Of Judgment Amount is **GRANTED**. Respondent shall immediately remit to Petitioner **U.S. $2,648,949.27**, reflecting the total amount of the Award (U.S. $4,042,276.62 at the exchange rate of RMB ¥8.1032 = $1.00) minus the amount of the Award for which Petitioner has applied to the Chinese court for partial enforcement (U.S. $ 1,393,327.35).


_____
UNITED STATES DISTRICT JUDGE