**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**11 NORTH STATE STREET**
**DOVER, DELAWARE 19901**
**TEL: (302) 674-3841**
**FAX: (302) 674-5864**
http://www.prickett.com

WAYNE N. ELLIOTT
GARY F. TRAYNOR
JOHN W. PARADEE
D. BENJAMIN SNYDER*
GLENN C. MANDALAS*

WILMINGTON OFFICE
1310 KING STREET, P.O. 1328
WILMINGTON, DE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111

* ALSO ADMITTED IN PA

Writer's E-Mail Address: DBSNYDER@prickett.com

April 5, 2006

*Via E-Filing and Hand Delivery*

The Honorable Joseph J. Farnan
United States District Court
District of Delaware
844 North King Street, Room 4209
Lock Box 27
Wilmington, Delaware 19801

  Re: **China Three Gorges Project Corp. v. Rotec Industries, Inc. - C.A. No. 04-1510**

Dear Judge Farnan:

  We represent the Petitioner, China Three Gorges Project Corporation, in the above-referenced matter. Accordingly, I am writing to you with regard to the Court's April 3, 2006 Order (D.I. 16) that corrects the title of the Court's Memorandum Order dated February 24, 2006 and directs the Clerk to reflect the entry of the Amended Judgment Order on the docket. Based upon my understanding of Federal Rule of Civil Procedure 58, it appears that the Amended Judgment Order must be entered on the docket separate from the Memorandum Order resolving the Petitioner's Motion for Attorneys' Fees, Post-Arbitration Interest, and Amendment of Judgment Amount (D.I. 12).

  Pursuant to Rule 58, "every judgment *and amended judgment* must be set forth on a separate document, but a separate document is not required for an order disposing of a motion: . . . for attorney fees . . . or to alter or *amend* the judgment . . ." (emphasis added). Here, the Court entered a Judgment Order as a separate document with regard to its Memorandum Opinion on the underlying merits of the case. However, the Court did not enter the Amended Judgment Order as a separate document with regard to its decision on our Motion for Attorney's Fees (D.I. 15), which also sought to amend the judgment amount to include interest and reflect a certain exchange rate.

  While Rule 58 appears to contradict itself regarding whether an order needs to be entered as a separate document in a case such as this, where a motion to amend the judgment is granted, the Advisory Committee Notes to the rule state that "if disposition of the motion results in an amended judgment, the amended judgment must be set forth on a separate document." Thus, as a matter of precaution, the Petitioner respectfully requests that the Court enter an Amended Judgment Order on the docket as a separate document pursuant to Rule 58(d).

Thank you very much for the Court's time and attention to this matter. If Your Honor should have any questions whatsoever, I shall remain available at the call of the Court.

Very truly yours,

D. Benjamin Snyder

cc: Matthew Gruskin, Esquire (Via U.S. Mail)
Richard W. Pell, Esquire (via E-File and U.S. Mail)